Jeffrey I. Golden, State Bar No. 133040
jgolden@lwgfllp.com
Alan J. Friedman, State Bar No. 132580
afriedman@lwgfllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Debtor and Debtor-in-Possession,
David Tudor Chamberlain

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>DAVID TUDOR CHAMBERLAIN,<br><br>  Debtor and<br>  Debtor-in-Possession. | Case No. 8:17-BK-11370-CB<br><br>Chapter 11<br><br>**MOTION FOR ORDER APPROVING DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BETH E. GASCHEN IN SUPPORT**<br><br><u>Hearing</u>:<br>DATE:    August 2, 2017<br>TIME:    10:00 a.m.<br>CTRM:    Courtroom 5D<br>             411 W. Fourth Street<br>             Santa Ana, CA 92701 |

TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY

JUDGE:

David Tudor Chamberlain, the debtor and debtor-in-possession in the above-captioned case (the "<u>Debtor</u>"), hereby submits this Motion for Order Approving Debtor's Disclosure Statement Describing Chapter 11 Plan (the "<u>Motion</u>"). In support of the Motion, the Debtor submits the following memorandum of points and authorities and the Declaration of Beth E. Gaschen.

1118412.1                                                       1                                                       MOTION

## I. INTRODUCTION

By this Motion, the Debtor requests approval of his Disclosure Statement Describing his Chapter 11 Plan of Reorganization (the "Disclosure Statement") pursuant to § 1125 of the Bankruptcy Code. The Disclosure Statement describes and contains detailed information regarding the Debtor's assets and liabilities and the funding and implementation of the Debtor's Chapter 11 Plan of Reorganization (the "Plan"). The Debtor submits that the Disclosure Statement contains "adequate information" pursuant to § 1125, that is, information that is reasonably practicable under the circumstances to enable creditors to make an informed judgment about the Plan. Accordingly, the Debtor requests that the Court approve the Disclosure Statement for dissemination.

## II. FACTUAL BACKGROUND

### A. General Background

The Debtor commenced his bankruptcy case by filing a voluntary chapter 11 petition on April 9, 2017. The Debtor has timely filed all of his schedules and statement of financial affairs, and continues to manage his financial affairs and operate his bankruptcy estate as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

On June 21, 2017, the Debtor filed his Disclosure Statement and Plan and served the same on those parties entitled to such service pursuant to Federal Rule of Bankruptcy Procedure 3017.

## III. LEGAL ANALYSIS

Pursuant to § 1125(b) of the Bankruptcy Code, a plan proponent may not solicit the acceptance or rejection of a plan of reorganization unless the holders of the relevant claims or interests, as applicable, are provided, at or before the time of such solicitation, with a disclosure statement approved by a bankruptcy court that contains "adequate information" regarding the debtor's plan of reorganization. Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" in relevant in part to mean:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan. . . .

11 U.S.C. § 1125(a)(1). Thus, a disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders, if applicable, to vote on a plan of reorganization. *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994); *see also In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 29 (Bankr. S.D.N.Y. 1995) (stating that the adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the chapter 11 policy of fair settlement through a negotiation process between informed interested parties."). This particular point, especially in light of its underlying notions of practicality and flexibility, also is underscored in the legislative history of § 1125 of the Bankruptcy Code:

> Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case, such as the cost of preparation of the statements, the need for relative speed in solicitation and confirmation. . . . In chapter 11 cases, there is frequently great uncertainty. Therefore the need for flexibility is greatest.

*See* H.R. Rep. 595, at 408-09 (1977).

Courts are vested with wide discretion to determine whether a disclosure statement contains "adequate information" within the meaning of § 1125(a). *See Kirk v. Texaco, Inc.*, 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under §1125(a). . . ."); *see also In re Oxford Homes*, 204 B.R. 264, 267 (Bankr. D.Me. 1977) (noting Congress intentionally drew vague contours of what constitutes adequate information so that bankruptcy courts can exercise discretion to tailor them to each case's particular circumstances). This grant of discretion is intended to permit courts to tailor the disclosures made in connection with

the solicitation of votes on a plan to facilitate the effective reorganization of debtors in a broad range of businesses and circumstances. See H.R. Rep. 595, at 409; see also *Texaco,* 82 B.R. at 682 (stating bankruptcy judges have a clear congressional mandate to exercise "broad discretion in their supervision of corporate reorganizations"). Accordingly, the determination of whether a disclosure statement contains adequate information must be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. See *In re Phoenix Petroleum Co.,* 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001).

The Disclosure Statement contains "adequate information" as that term is defined in § 1125. The Disclosure Statement contains ample and adequate information, under the circumstances of the case and to the extent available to the Debtor, to allow parties in interest to make informed judgments about the Plan. The Disclosure Statement includes detailed information regarding, among other things, (i) the Debtor's assets and liabilities, (ii) the classification and treatment of creditors under the Plan, and (iii) how the Plan will be implemented and funded. Accordingly, the Debtor respectfully submits that the Disclosure Statement contains adequate information within the meaning of § 1125 of the Bankruptcy Code and should be approved.

## IV. CONCLUSION

Based on the foregoing, the Debtor respectfully requests the entry of an order approving the Disclosure Statement for dissemination, and for other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: June 21, 2017            LOBEL WEILAND GOLDEN FRIEDMAN LLP

By: */s/ Beth E. Gaschen*
Jeffrey I. Golden
Alan J. Friedman
Beth E. Gaschen
Attorneys for Debtor and Debtor-in-Possession, David Tudor Chamberlain

## DECLARATION OF BETH E. GASCHEN

I, Beth E. Gaschen, declare as follows:

1.  I am an attorney at law duly licensed to practice before this Court. I am a partner at the law firm of Lobel Weiland Golden Friedman LLP, attorneys for David Tudor Chamberlain, the debtor and debtor-in-possession (the "Debtor") in this action. I am submitting this Declaration in support of the Debtor's Motion for Order Approving Debtor's Disclosure Statement Describing Chapter 11 Plan of Reorganization (the "Motion"). Unless otherwise defined, capitalized terms used in this declaration shall have the same meaning ascribed to them in the Motion. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.  The Debtor commenced his bankruptcy case by filing a voluntary chapter 11 petition on April 9, 2017.

3.  On June 21, 2017, the Debtor filed his Disclosure Statement and Plan and served the same on those parties entitled to such service pursuant to Federal Rule of Bankruptcy Procedure 3017.

4.  The Disclosure Statement includes detailed information regarding, among other things, (i) the Debtor's assets and liabilities, (ii) the classification and treatment of creditors under the Plan, and (iii) how the Plan will be implemented and funded.

5.  I believe that the Disclosure Statement contains ample and adequate information, under the circumstances of the case and to the extent available to the Debtor, to allow parties in interest to make informed judgments about the Plan.

///

///

///

6.   I believe that the Disclosure Statement contains "adequate information" as that term is defined in § 1125 and that this Court should enter an order approving the Disclosure Statement for dissemination.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of June, 2017, at Costa Mesa, California.

<i>/s/ Beth E. Gaschen</i><br>
Beth E. Gaschen

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER APPROVING DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BETH E. GASCHEN IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 21, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

&boxtimes;    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) June 21, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

&boxtimes;    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) June 21, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

SERVED VIA PERSONAL DELIVERY/ATTORNEY SERVICE
The Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165/Courtesy Bin
Santa Ana, CA 92701-4593

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/21/2017 | Lori Gauthier | /s/ Lori Gauthier |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

#1120447

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Julian K Bach**   Julian@Jbachlaw.com, julianbach@sbcglobal.net
- **Frank Cadigan**   frank.cadigan@usdoj.gov
- **Sean C Ferry**   sferry@ecf.courtdrive.com, bkyecf@rasflaw.com
- **Alan J Friedman**   afriedman@lwgfllp.com, nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@lwgfllp.com;lgauthier@lwgfllp.com
- **Beth Gaschen**   bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
- **David Gill**   dag@dgdk.com, DanningGill@gmail.com;dgill@ecf.inforuptcy.com
- **Jeffrey I Golden**   jgolden@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com
- **Eric P Israel**   eisrael@dgdk.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Byron B Mauss**   efilings@amlegalgroup.com
- **Thomas J Polis**   tom@polis-law.com, paralegal@polis-law.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

**SERVED VIA FIRST-CLASS MAIL**

David Tudor Chamberlain
103 Surfside Avenue A
Surfside, CA 90743

Office of the United States Trustee
411 W. Fourth Street
Suite 7160
Santa Ana, CA 927601-4593

U.S. Securities & Exchange Commission
Attn: BK Counsel
444 South Flower St., Ste. 900
Los Angeles, CA 90071-9591

**PARTIES REQUESTING NOTICE:**

Deutsche Bank Nat'l. Trust Co.
c/o Robertson, Anschutz & Schneid
Bankruptcy Dept.
6409 Congress Ave., Suite 100
Boca Raton, FL 33487