Jeffrey I. Golden, State Bar No. 133040
jgolden@lwgfllp.com
Alan J. Friedman, State Bar No. 132580
afriedman@lwgfllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Debtor and Debtor-in-Possession
David Tudor Chamberlain

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>DAVID TUDOR CHAMBERLAIN,<br><br>    Debtor and Debtor-in-Possession. | Case No. 8:17-bk-11370-CB<br><br>Chapter 11<br><br>**UPDATED CHAPTER 11 STATUS REPORT**<br><br>DATE: August 2, 2017<br>TIME: 10:00 a.m.<br>Place: Courtroom 5D<br>       411 West Fourth Street<br>       Santa Ana, CA 92701 |

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

    David Tudor Chamberlain, the debtor and debtor-in-possession herein (the "Debtor") commenced his bankruptcy case by filing a voluntary petition (the "Petition") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on April 9, 2017 (the "Petition Date"). The Debtor continues to manage his financial affairs and operate his bankruptcy estate as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. The Debtor hereby submits this Updated Chapter 11

1123058.2    1    UPDATED CHAPTER 11 STATUS REPORT

Status Report ("Status Report") in connection with the August 2, 2017 Case Management Conference.

## I. PRIOR STATUS REPORT

This Status Report is a supplement to the Debtor's prior status report filed with the Court on April 26, 2017 [Docket No. 39].

## II. REQUIREMENTS OF CHAPTER 11 DEBTOR-IN-POSSESSION

The Debtor is in compliance with his duties under sections 521, 1106 and 1107 of the Bankruptcy Code, and the requirements of Rule 2015(2)(a) and (b) of the Local Bankruptcy Rules (the "Local Rules"). The Debtor is in compliance with the requirements imposed by the Office of the United States Trustee. Since the initial status report filed in this case, the Debtor filed, on May 19, 2017, his Monthly Operating Report for the month ending April 30, 2017 [Docket No. 66], on June 15, 2017, his Monthly Operating Report for the month ending May 31, 2017 [Docket No. 111], and on July 17, 2017, his Monthly Operating Report for the month ending June 30, 2017 [Docket No. 138]. The U.S. Trustee quarterly fees for the quarter ending June 30, 2017 will be due on July 31, 2017, and will be paid by the Debtor by the payment deadline.

On May 2, 2017, the Debtor filed amendments to his Schedules and Statement of Financial Affairs [Docket No. 42 – Docket No. 47]. On June 5, 2017, the Debtor filed additional amendments to his Schedules and Statement of Financial Affairs [Docket No. 97 – Docket No. 99].

In compliance with Rule 2015.3, on June 5, 2017, the Debtor filed his Periodic Report on Related Entities Regarding Value, Operations and Profitability of Entities in Which the Estate Holds a Substantial or Controlling Interest [Docket No. 96].

The Debtor's original 341(a) meeting of creditors was held on May 5, 2017, and was continued to June 9, 2017, at which time the meeting of creditors was concluded.

## III. EMPLOYMENT OF PROFESSIONALS

The Debtor retained Lobel Weiland Golden Friedman LLP ("LWGF") to represent him as his general insolvency counsel, and on April 26, 2017, the Debtor filed his

application for approval of LWGF as general insolvency counsel to the Debtor [Docket No. 30]. On May 16, 2017, this Court entered its order granting LWGF's employment [Docket No. 58].

The Debtor retained Gregory S. Page/Law Offices of Gregory S. Page ("Page") as special litigation counsel, and on May 9, 2017, the Debtor filed his application for approval of Page as his litigation counsel [Docket No. 50]. On June 6, 2017, this Court entered its order granting Page's employment [Docket No. 102]. The Debtor retained Thomas Vogele & Associates, APC (the "Vogele Firm") as his appellate counsel, and on July 12, 2017, the Debtor filed his application for approval of the Vogele Firm as his appellate counsel [Docket No. 131]. The notice period under such application has not yet run.

The Debtor retained Force 10 Partners ("Force 10") as his financial advisor, and on May 24, 2017, the Debtor filed his application for approval of Force 10 as his financial advisor [Docket No. 68]. On June 14, 2017, this Court entered its order granting Force 10's employment [Docket No. 109].

## IV. USE OF CASH COLLATERAL AND BUDGET MOTION

The Debtor owns fifteen (15) pieces of real property in California, Nevada, and New Hampshire (together, the "Real Property"). On April 26, 2017, the Debtor filed five motions seeking the use of cash collateral generated by the Real Property, and for approval of budgets to provide for the payment of the expenses of the Real Property as set forth therein (the "Cash Collateral Motions") [Docket Nos. 25, 26, 27, 28 and 29]. Hearings on approval of the Cash Collateral Motions were heard on May 24, 2017, and, on May 26, 2017, the Court entered orders granting the Cash Collateral Motions [Docket Nos. 79, 80, 81, 82 and 83].

On May 17, 2017, the Debtor and Pacific Premier Bank entered into a Stipulation Authorizing the Debtor's Use of Cash Collateral relating to: (a) 5623 Newman Street, Cypress, California 90630, (b) 12350 Del Amo #169, Lakewood, California 90713, (c) 9062-9062.5 Denni Street, Cypress, California 90630, (d) 5532 Bishop Street, Cypress, California 90630, and (e) 728 N. Olive Street, Anaheim, California 92805 (the "PPB Cash

Collateral Stipulation") [Docket No. 63]. On May 30, 2017, an amended PPB Cash Collateral Stipulation was filed with the Court [Docket No. 90], and on June 6, 2017, the Court entered its order approving the amended PPB Cash Collateral Stipulation [Docket No. 100].

On June 7, 2017, the Debtor filed his Motion in Individual Chapter 11 Case for Order Approving a Budget for the Use of the Debtor's Cash and Postpetition Income (the "Budget Motion") [Docket No. 103]. A hearing on the Budget Motion was held on June 28, 2017, at which time the Budget Motion was granted and on June 29, 2017, this Court entered its order granting the Budget Motion [Docket No. 121].

## V.    DEADLINE FOR FILING OF CLAIMS AND OBJECTIONS TO CLAIMS

On May 16, 2017, the Debtor filed his Motion to Set Last Day to File Proofs of Claim [Docket No. 60]. By order entered May 17, 2017 [Docket No. 62], the Court fixed June 26, 2017, as the last date for creditors to file Proofs of Claim and October 6, 2017 as the last date for governmental units to file Proofs of Claim (the "Bar Date"). The Debtor served all known creditors and parties in interest with the Bar Date Notice on May 22, 2017 [Docket No. 67]. As of June 26, 2017, a total of thirteen (13) claims were timely filed, with one additional claim being filed after the Bar Date.

The Debtor requests that a deadline for filing objections to claims not be set at this time. The claims will be resolved through the Plan and pending litigation.

## VI.    PLAN AND DISCLOSURE STATEMENT

On June 21, 2017, the Debtor filed his Disclosure Statement Describing Chapter 11 Plan (the "Disclosure Statement") [Docket No. 113] and Chapter 11 Plan (the "Plan") [Docket No. 114]. The Debtor also filed his Motion for Approval of Chapter 11 Disclosure Statement (the "Disclosure Statement Motion") [Docket No. 115] that same day. A hearing on the Disclosure Statement Motion is scheduled to be heard on August 2, 2017. Through the Plan, the Debtor proposes to pay all creditors in full.

## VII. LITIGATION

### A. The Appeal

On June 15, 2011, Domingo Villas, Inc. ("Domingo Villas") commenced an action in the Orange County Superior Court, entitled <u>Domingo Villas, Inc. v. Rick Tarnutzer, et al.</u>, Case No. 30-2011-00484245 (the "State Court Action"), seeking to resolve the issues surrounding a $2.6 million loan to Domingo Villas by Rick Tarnutzer, as trustee of the 1997 Troy Trust ("Tarnutzer"), secured by certain real property owned by Domingo Villas and personally guaranteed by the Debtor (the "Tarnutzer Loan"). Tarnutzer filed a cross-complaint in the State Court Action seeking repayment of the Tarnutzer Loan and enforcement of the Debtor's personal guaranty.

A jury trial in the State Court Action was held in July 2015. Following trial, the jury returned two verdicts. First, that Tarnutzer had no claim against Domingo Villas based on the Tarnutzer Loan. The jury also found that the Debtor, on account of his personal guaranty of the Tarnutzer Loan, owed Tarnutzer the principal amount of approximately $1.97 million. On October 17, 2016, based on the jury verdicts, the Superior Court entered judgment against the Debtor on account of his guaranty in favor of Tarnutzer in the approximate amount of $2.5 million (the "Judgment").

Following the Superior Court's denial of the Debtor's post-trial motions for a judgment notwithstanding the verdict and for a new trial, the Debtor timely appealed the Tarnutzer Judgment (the "Appeal"). On April 10, 2017, the Superior Court entered an amended judgment in the principal amount of $3,353,009 in favor of Tarnutzer, which further included an award of attorney's fees and costs of suit to Tarnutzer (the "Amended Judgment").

The Debtor intends to pursue his appeal of the Judgment and believes that he will ultimately be successful in reversing the Judgment on appeal. To this end, on July 13, 2017, the Debtor and Tarnutzer entered into and filed a stipulation for relief from the automatic stay to allow the Appeal to proceed and for retroactive annulment of the stay to

allow for the entry of the Amended Judgment (the "RFS Stipulation") [Docket No. 135]. No order on the RFS Stipulation has been entered to date.

B. **The Fern Litigation**

On December 22, 2015, the Debtor filed an action against Martin D. Fern and Linda Taylor-Fern, individually and as Trustees of the Fern-Taylor Family Trust (collectively, "Fern"), and First Realm, LLC ("First Realm"), in the Orange County Superior Court, Case No. 30-2015-00826601-CU-BC-CJC, asserting causes of action for, among other things, breach of contract, fraud and declaratory relief related to the ownership of certain real properties (the "Fern State Court Action"). On February 6, 2016, Fern and First Realm filed an answer in the Fern State Court Action, asserting affirmative defenses, including fraudulent misrepresentation and defamation.

On June 12, 2017, Fern filed a Proof of Claim in the Debtor's Case [Claim No. 12], asserting an unsecured claim against the Debtor in the amount of $4,132,500 (plus damages according to proof, attorneys' fees and costs) based on a proposed cross-complaint Fern asserts it intended to file in the Fern State Court Action, the filing of which was stayed by the filing of the Case. On June 9, 2017, Fern filed a Complaint to Determine Nondischargeability of Debts Pursuant to 11 U.S.C. §§ 523(a) and 524(a)(3) with respect to Fern's claim against the Debtor (the "Fern Non-Dischargeability Action" (assigned Adversary Case No. 8:17-ap-01101) and, together with the Fern State Court Action, the "Fern Litigation"). For the reasons set forth in the complaint filed against Fern and First Realm in the Fern State Court Action and otherwise, the Debtor disputes the claims asserted by Fern in connection with the Fern Litigation. The deadline to file an answer to the Fern Non-Dischargeability Action is July 26, 2017, as extended per Stipulation filed July 5, 2017 [Docket No. 6].

C. **Other Legal Proceedings**

With the exception of the Appeal, the Fern Non-Dischargeablility Action, and a pending worker's compensation case initiated by Ricardo Gutierrez, the Debtor does not have any litigation pending against him. In addition to the Fern State Court Action, the

Debtor is also a plaintiff in an action against Paul Wakin, Monsen Tovoussi, Carmet LTD., Orange County Surgery Center, Inc. and PT Partners, LLC in which the Debtor has obtained a favorable judgment in the amount of approximately $275,660 (which matter is currently on appeal by the defendants). As to this litigation, the parties have circulated a settlement agreement and the Debtor anticipates filing a motion under Bankruptcy Rule 9019 in the near future.

## VIII. UNEXPIRED LEASES AND EXECUTORY CONTRACTS

Under the terms of the Plan, any executory contracts and/or unexpired leases to be assumed pursuant to the provisions of sections 365 and 1123 of the Code will be the subject of a motion filed by the Debtor prior to the Effective Date of the Plan, with executory contracts and unexpired leases assumed by the Debtor to vest in the Reorganized Debtor as of the Effective Date. Moreover, under the terms of the Plan, any executory contracts and/or unexpired leases to be rejected pursuant to the provisions of sections 365 and 1123 of the Code will be the subject of a motion filed by the Debtor prior to the Effective Date of the Plan.

On June 27, 2017, the Debtor filed a motion [Docket No. 118] seeking to exclude certain of his Schedule G creditors (specifically as to the residents/tenants relating to residential real property leases/rental agreements) from the Debtor's master mailing matrix to avoid any confusion by the lessors, or disruption in rental payments to the Debtor, by virtue of the chapter 11 filing. No objections were filed and on July 17, 2017, the Debtor submitted a declaration regarding non-opposition and lodged a corresponding order. The order has not yet been entered.

## IX. MOTION TO DISMISS CASE

On July 5, 2017, Tarnutzer filed a Motion for Order Re: Dismiss Debtor's Chapter 11 Bankruptcy Case Re: Bad Faith Filing (the "Motion to Dismiss") [Docket No. 124]. Tarnutzer and the Debtor entered into a stipulation to continue the hearing on the Motion to Dismiss (the "Stipulation") [Docket No. 133] to the same date and time as the hearing on the Disclosure Statement Motion as the Motion to Dismiss raises issues regarding the

approval of the Disclosure Statement. An order approving the Stipulation was entered on July 13, 2017 [Docket No. 134]. The hearing on the Motion to Dismiss is currently set for August 2, 2017. On July 19, 2017, the Debtor filed his opposition to the Motion to Dismiss.

Respectfully submitted,

Dated: July 19, 2017          LOBEL WEILAND GOLDEN FRIEDMAN LLP

By: /s/ Beth E. Gaschen
JEFFREY I. GOLDEN
ALAN J. FRIEDMAN
BETH E. GASCHEN
Attorneys for Debtor
and Debtor-in-Possession
David Tudor Chamberlain

## DECLARATION OF DAVID TUDOR CHAMBERLAIN

I, David Tudor Chamberlain, declare as follows:

1. I am the debtor and debtor-in-possession in the above-captioned case. The following is within my personal knowledge, and if called as a witness, I could and would testify competently with respect thereto. I am submitting this declaration in support of the Updated Chapter 11 Status Report (the "Status Report"). Any and all capitalized terms in the Status Report are incorporated herein by this reference.

2. On April 9, 2017 (the "Petition Date"), I commenced this bankruptcy case by filing the Petition under Chapter 11 of the Bankruptcy Code. I continue to manage my financial affairs and operate my bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made.

3. I am in compliance with my duties under sections 521, 1106 and 1107 of the Bankruptcy Code, and the requirements of Rule 2015(2)(a) and (b) of the Local Rules. Moreover, I am in compliance with the requirements imposed by the Office of the United States Trustee.

4. Since the initial status report filed in this case, I have filed the following: (i) Monthly Operating Report for the month ending April 30, 2017 filed on May 19, 2017, (ii) Monthly Operating Report for the month ending May 31, 2017 filed on June 15, 2017, and (iii) Monthly Operating Report for the month ending June 30, 2017 filed on July 17, 2017.

5. It is my understanding that the U.S. Trustee quarterly fees for the quarter ending June 30, 2017 will be due on July 31, 2017. Said U.S. Trustee quarterly fees will be paid by the payment deadline.

6. On May 2, 2017, I filed amendments to my Schedules and Statement of Financial Affairs and on June 5, 2017, I filed additional amendments to my Schedules and Statement of Financial Affairs.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

7. On June 5, 2017, I filed my Periodic Report on Related Entities Regarding Value, Operations and Profitability of Entities in Which the Estate Holds a Substantial or Controlling Interest.

8. The original 341(a) meeting of creditors was held on May 5, 2017 and was continued to June 9, 2017, at which time the meeting of creditors was concluded.

9. I have retained LWGF to represent me as my general insolvency counsel. On April 26, 2017, an application for approval of LWGF as my general insolvency counsel was filed with this Court and on May 16, 2017, this Court entered its order granting LWGF's employment.

10. I have retained Page as my special litigation counsel. On May 9, 2017, an application for approval of Page as my litigation counsel was filed with this Court and on June 6, 2017, this Court entered its order granting Page's employment.

11. I have retained Force 10 as my financial advisor. On May 24, 2017, an application for approval of Force 10 as my financial advisor was filed with this Court and on June 14, 2017, this Court entered its order granting Force 10's employment.

12. I have retained the Vogele Firm as my appellate counsel. On July 12, 2017, an application for approval of the Vogele Firm as my appellate counsel was filed with this Court. The notice period under such application has not yet run.

13. I own fifteen (15) pieces of real property in California, Nevada and New Hampshire (together, the "Real Property"). On April 26, 2017, five motions (the "Cash Collateral Motions") seeking the use of cash collateral generated by my Real Property, and for approval of budgets to provide for the payment of the expenses of my Real Property were filed with the Court. Hearings on approval of the Cash Collateral Motions were heard on May 24, 2017, and, on May 26, 2017, the Court entered orders granting the Cash Collateral Motions.

14. On May 17, 2017, I entered into a stipulation with Pacific Premier Bank authorizing my use of cash collateral relating to: (a) 5623 Newman Street, Cypress, California 90630, (b) 12350 Del Amo #169, Lakewood, California 90713, (c) 9062-9062.5

Denni Street, Cypress, California 90630, (d) 5532 Bishop Street, Cypress, California 90630, and (e) 728 N. Olive Street, Anaheim, California 92805 (the "PPB Cash Collateral Stipulation"). On May 30, 2017, an amended PBB Cash Collateral Stipulation was filed with the Court and on June 6, 2017, the Court entered its order approving the amended PBB Cash Collateral Stipulation.

15. On June 7, 2017, a Motion in Individual Chapter 11 Case for Order Approving a Budget for the Use of the Debtor's Cash and Postpetition Income (the "Budget Motion") was filed with this Court. A hearing on the Budget Motion was held on June 28, 2017 at which time the Budget Motion was granted and on June 29, 2017, this Court entered its Order granting the Budget Motion.

16. On May 16, 2017, a Motion to Set Last Day to File Proofs of Claim was filed with the Court. By order entered May 17, 2017, the Court fixed June 26, 2017 as the last date for creditors to file Proofs of Claim and October 6, 2017 as the last date for governmental units to file Proofs of Claim (the "Bar Date"). On May 22, 2017, all known creditors and parties in interest were served with the Bar Date Notice. As of June 26, 2017, a total of thirteen (13) claims were timely filed, with one additional claim being filed after the Bar Date.

17. On June 21, 2017, the Disclosure Statement and Plan were filed with this Court. On June 21, 2017, the Disclosure Statement Motion was filed with this Court. A hearing on the Disclosure Statement Motion is scheduled to be heard on August 2, 2017. Through the Plan, I propose to pay all allowed creditors in full.

18. Under the terms of the Plan, any executory contracts and/or unexpired leases to be assumed pursuant to the provisions of sections 365 and 1123 of the Code will be the subject of a motion to be filed prior to the Effective Date of the Plan, with executory contracts and unexpired leases assumed by me to vest in the Reorganized Debtor as of the Effective Date. Moreover, under the terms of the Plan, any executory contracts and/or unexpired leases to be rejected pursuant to the provisions of sections

365 and 1123 of the Code will be the subject of a motion prior to the Effective Date of the Plan.

19. On June 27, 2017, a motion seeking to exclude certain of my Schedule G creditors (specifically as to the residents/tenants relating to residential real property leases/rental agreements) from my master mailing matrix to avoid any confusion by the lessors, or disruption in rental payments to myself, by virtue of the chapter 11 filing was filed with this Court. No objections were filed and on July 17, 2017, a declaration regarding non-opposition was filed and a corresponding order was lodged. The order has not yet been entered.

20. I am currently involved in two litigation proceedings, as follows:

(i) <u>The Appeal</u>.

On June 15, 2011, Domingo Villas commenced the State Court Action, seeking to resolve the issues surrounding a $2.6 million loan to Domingo Villas by Tarnutzer, secured by certain real property owned by Domingo Villas and personally guaranteed by myself (the "<u>Tarnutzer Loan</u>"). Tarnutzer filed a cross-complaint in the State Court Action seeking repayment of the Tarnutzer Loan and enforcement of my personal guaranty.

A jury trial in the State Court Action was held in July 2015. Following trial, the jury returned two verdicts. First, that Tarnutzer had no claim against Domingo Villas based on the Tarnutzer Loan. The jury also found that I, on account of my personal guaranty of the Tarnutzer Loan, owed Tarnutzer the principal amount of approximately $1.97 million. On October 17, 2016, based on the jury verdicts, the Superior Court entered judgment against me on account of my guaranty in favor of Tarnutzer in the approximate amount of $2.5 million (the "<u>Judgment</u>").

Following the Superior Court's denial of my post-trial motions for a judgment notwithstanding the verdict and for a new trial, I timely appealed the Tarnutzer Judgment (the "<u>Appeal</u>"). On April 10, 2017, the Superior Court entered an amended judgment in the principal amount of $3,353,009 in favor of Tarnutzer, which further included an award of attorney's fees and costs of suit to Tarnutzer (the "<u>Amended Judgment</u>").

I intend to pursue my appeal of the Judgment and believe that I will ultimately be successful in reversing the Judgment on appeal. On July 13, 2017, a stipulation with Tarnutzer for relief from the automatic stay to allow the Appeal to proceed and for retroactive annulment of the stay to allow for the entry of the Amended Judgment was filed (the "RFS Stipulation"). No order on the RFS Stipulation has been entered to date.

  (ii) <u>Fern Litigation</u>

On December 22, 2015, I filed the Fern State Court Action against Fern and First Realm, in the Orange County Superior Court, Case No. 30-2015-00826601-CU-BC-CJC, asserting causes of action for, among other things, breach of contract, fraud and declaratory relief related to the ownership of certain real properties. On February 6, 2016, Fern and First Realm filed an answer in the Fern State Court Action, asserting affirmative defenses, including fraudulent misrepresentation and defamation.

On June 12, 2017, Fern filed a Proof of Claim in my case asserting an unsecured claim in the amount of $4,132,500 (plus damages according to proof, attorneys' fees and costs) based on a proposed cross-complaint Fern asserts it intended to file in the Fern State Court Action, the filing of which was stayed by the filing of my Case. On June 9, 2017, Fern filed the Fern Non-Dischargeability Action. I dispute the claims asserted by Fern in connection with the Fern Litigation. The deadline to file an answer to the Fern Non-Dischargeability Action is July 26, 2017, as extended per stipulation filed July 5, 2017.

21. With the exception of the Appeal, the Fern Non-Dischargeablility Action, and a pending worker's compensation case initiated by Ricardo Gutierrez, I do not have any pending litigation against me. In addition to the Fern State Court Action, I am also a plaintiff in an action against Paul Wakin, Monsen Tovoussi, Carmet LTD., Orange County Surgery Center, Inc. and PT Partners, LLC in which I have obtained a favorable judgment in the amount of approximately $275,660 (which matter is currently on appeal by the defendants). As to this litigation, we have circulated a settlement agreement and I

anticipate that my counsel will be filing a motion under Bankruptcy Rule 9019 in the near future.

22. On July 5, 2017, Tarnutzer filed the Motion to Dismiss which was initially scheduled to be heard on July 26, 2017. The hearing on the Motion to Dismiss is currently set for August 2, 2017. On July 19, 2017, opposition to the Motion to Dismiss was filed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 19th day of July, 2017, at Los Alamitos, California.

*[signature]*

David Tudor Chamberlain

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **UPDATED CHAPTER 11 STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 19, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) July 19, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July ____, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/19/2017 | Lori Gauthier | /s/ Lori Gauthier |
|---|---|---|
| Date | Printed Name | Signature |

#1125609

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Julian K Bach**   Julian@Jbachlaw.com, julianbach@sbcglobal.net
- **Frank Cadigan**   frank.cadigan@usdoj.gov
- **Sean C Ferry**   sferry@ecf.courtdrive.com, bkyecf@rasflaw.com
- **Alan J Friedman**   afriedman@lwgfllp.com, nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@lwgfllp.com;lgauthier@lwgfllp.com
- **Beth Gaschen**   bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
- **David Gill**   dag@dgdk.com, DanningGill@gmail.com;dgill@ecf.inforuptcy.com
- **Jeffrey I Golden**   jgolden@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com
- **Eric P Israel**   eisrael@dgdk.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Byron B Mauss**   efilings@amlegalgroup.com
- **Thomas J Polis**   tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

**SERVED VIA UNITED STATES MAIL**

The Honorable Catherine A. Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165
Santa Ana, CA 92701-4593


AND SEE ATTACHED LIST

Secured Creditor
Alliant Credit Union
Authorized Agent, Officer or Director
11545 West Touhy Avenue
Chicago, IL 60666

20 Largest Unsecured Creditors
Law Office of Gregory S. Page
Gregory S. Page
34932 Calle Del Sol, Suite C
Capistrano Beach, CA 92624

Secured Creditor
OCWEN
Authorized Agent, Officer or Director
P.O. Box 660264
Dallas, TX 75266-0264

Secured Creditor
Roundpoint Mortgage
Attn: Authorized Agent
P.O. Box 674150
Dallas, TX 75267-4150

20 Largest Unsecured Creditor
Barclays Bank Delaware (Jet Blue)
Authorized Agent, Officer or Director
P.O. Box 8801
Wilmington, DE 19899-8801

20 Largest Unsecured Creditors
CITI (Costco Adv.)
Authorized Agent, Officer or Director
P.O. Box 6190
Sioux Falls, SD 57117

Orange County Tax Collector
PO BOX 1438
Santa Ana, CA 92702-1438

Linda Chamberlain
103 Surfside Avenue A
Surfside, CA 90743

Ricardo Guitierrez
1464 E. La Palma Avenue
Anaheim, CA 92805-1546

Secured Creditor and 20 Largest Unsecured Creditor
Ann Leisy
c/o Linda Chamberlain
P.O. Box 473
Surfside, CA 90743

Joseph F. Coyne, Jr. Esq.
Sheppard, Mullin, Richter & Hampton
333 South Hope Street, 48th Floor
Los Angeles, CA 90071

Secured Creditor
Pacific Premier Bank
Authorized Agent, Officer or Director
17901 Von Karman Avenue, Suite 1200
Irvine, CA 92614

Secured Creditor
US Bank
Authorized Agent, Officer or Director
P.O. Box 21977
Saint Paul, MN 55121

Roger G. Friedman, Esq.
Rutan & Tucker, LLP
611 Anton Blvd., 14th Floor
Costa Mesa, CA 92626

20 Largest Unsecured Creditors
CitiBank Visa
Authorized Agent, Officer or Director
P.O. Box 78045
Phoenix, AZ 85062-8045

Los Angeles County Tax Collector
P.O. Box 54110
Los Angeles, CA 90054-0010

Citibank
PO Box 790034
St. Louis MO 63179-0034

Ricardo Guitierrez
c/o Robin Jacobs Esq
470 S. San Vicente Blvd 2nd Floor
Los Angeles, CA 90048

Secured Creditor
Chase Commercial Bank
Authorized Agent, Officer or Director
FWCC, P.O. Box 650528
Dallas, TX 75265-0528

~~Secured Creditor~~
~~John A. Amato~~
~~24 Sidney Bay Drive~~
~~Newport Coast, CA 92657-2105~~

Secured Creditor
Rich Tarnutzer, as Trustee of the
1997 Troy Trust
2030 Main Street, Suite 1040
Irvine, CA 92614

Secured Creditor
Wells Fargo Bank
Authorized Agent, Officer or Director
P.O. Box 51120
Los Angeles, CA 90051-5420

H. James Keathley, Esq.
Katherine D. Keathley, Esq.
KEATHLEY & KEATHLEY LLP
2030 Main Street, Suite 210
Irvine, CA 92614

20 Largest Unsecured Creditors
Eileen Cathro
c/o Linda Chamberlain
P.O. Box 473
Surfside, CA 90743

Law Offices of Julian Bach
7911 Warner Avenue
Huntington Beach, CA 92647

Internal Revenue Service
PO Box 7346
Philadelphia, CA 19101-7346

United States Trustee (SA)
411 W. Fourth Street, Suite 7160
Santa Ana CA 92701-4500

| | | |
|---|---|---|
| Pacific Premier Bank<br>c/o Polis & Associates, APLC<br>Tom Polis, Esq.<br>19800 MacArthur Blvd., Suite 1000<br>Irvine, CA 92612 | County of Orange<br>Attn: BK Collection Officer<br>PO Box 4515<br>Santa Ana, CA 92701 | Wells Fargo Bank, N.A.<br>Default Document Processing (N9286-01Y)<br>1000 Blue Gentian Road<br>Eagan, MN 55121-7700 |
| U.S. Securities & Exchange Commission<br>Attn: Bankr Counsel<br>444 South Flower Street – Ste 900<br>Los Angeles, CA 90071-9591 | CA Franchise Tax Board<br>Bankruptcy Section, MIC:74<br>PO Box 942879<br>Sacramento, CA 94279-0074 | Wells Fargo Bank, N.A.<br>Home Equity Group<br>1 Home Campus X2303-01A<br>Des Moines, IA 50328-0001 |
| Digital Credit Union<br>Attn: Authorized Agent<br>PO Box 929<br>Marlborough, MA 01752-9129 | | |

PARTIES REQUESTING NOTICE:

| | |
|---|---|
| Deutsche Bank Nat'l. Trust Co.<br>c/o Robertson, Anschutz & Schneid<br>Bankruptcy Dept.<br>6409 Congress Ave., Suite 100<br>Boca Raton, FL 33487 | Martin D. Fern, et al.<br>c/o Eric P. Isreal, Esq.<br>Danning, Gill, Diamond & Kollitz LLP<br>1900 Avenue of the Stars, 11th Floor<br>Los Angeles, CA 90067 |

Deutsche Bank National Trust
c/o Matthew R. Clark, Esq.
Robertson, Anschutz & Schneid
11622 El Camino Real, Suite 100
San Diego, CA 92130

1115217.1