**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@lwgfllp.com
Alan J. Friedman, State Bar No. 132580
afriedman@lwgfllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone:    (714) 966-1000
Facsimile:    (714) 966-1002

Attorneys for Debtor and Debtor-in-Possession
David Tudor Chamberlain

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:17-bk-11370-CB |
| DAVID TUDOR CHAMBERLAIN, | Chapter 11 |
| Debtor and Debtor-in-Possession. | **SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION** |
| | **Cont. Disclosure Statement Hearing:** DATE:    September 20, 2017 TIME:    10:00 a.m. CTRM:    5D |
| | **Plan Confirmation Hearing:** DATE:    To be set TIME: CTRM: |

*Lobel Weiland Golden Friedman LLP*
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1131242.1

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION...................................................................................................1

II.    THE PLAN OF REORGANIZATION ...................................................................2

    A.    General Overview..........................................................................................2

    B.    Treatment of Unclassified Claims..................................................................2

        1.    Administrative Expenses ......................................................................2

            a.    Professional Fee Claims.................................................5

        2.    Priority Tax Claims................................................................................5

    C.    Classified Claims...........................................................................................6

        1.    Summary of Classes..............................................................................6

        2.    Secured Claims .....................................................................................7

        3.    Class of Priority Claims.......................................................................18

        4.    Class of General Unsecured Claims....................................................18

    D.    Means of Effectuating the Plan....................................................................19

        1.    Funding the Plan..................................................................................19

            a.    The Interpled DV Sale Proceeds.........................................20

            b.    The Sale and/or Refinance of Some or All of the
                 Real Property to Pay Allowed Claim of Tarnutzer ...............22

            c.    The Sale and/or Refinance of Some or All of the
                 Real Property to Pay Allowed Claim of Fern ........................23

        2.    Disbursing Agent .................................................................................24

        3.    The Reorganized Debtor ......................................................................24

        4.    Provisions Governing Distributions.....................................................24

            a.    Dates of Distribution............................................................24

            b.    Manner of Distribution..........................................................24

            c.    Delivery of Distributions in General......................................24

            d.    Rounding Payments..............................................................25

            e.    Interest on Claims.................................................................26

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

## TABLE OF CONTENTS (cont.)

**Page**

f.    Compliance with Tax Requirements ....................................26

g.    De Minimis Distributions ......................................................27

h.    Setoffs.................................................................................27

i.    Limitation on Liability...........................................................27

E.    Other Provisions of the Plan ...........................................................28

    1.    Claim Objections and Disputed Claims.................................28

        a.    Standing and Claim Objection Deadline .............................28

        b.    No Distribution Pending Allowance .....................................28

        c.    Reserves for Disputed Claims..............................................29

    2.    Executory Contracts and Unexpired Leases.................................29

        a.    Assumption and Assignment................................................29

        b.    Rejections ...........................................................................32

    3.    Changes in Rates Subject to Regulatory Commission Approval ...................................................................................33

    4.    Preservation of Causes of Action and Avoidance Actions.....................................................................................33

    5.    Retention of Jurisdiction .....................................................34

F.    Tax Consequences of the Plan .......................................................36

G.    Exemption from Transfer Taxes ......................................................37

III.    EFFECT OF CONFIRMATION................................................................37

A.    Discharge ........................................................................................37

B.    Exculpation and Releases ...............................................................38

C.    Vesting of Property..........................................................................39

D.    Plan Creates New Obligations.........................................................39

E.    Creditor Action Restrained .............................................................39

F.    Material Default Defined..................................................................39

G.    Modification of the Plan ...................................................................39

ii

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

## TABLE OF CONTENTS (cont.)

**Page**

H.   Post-Confirmation Status Report ............................................................. 40

I.   Quarterly Fees ........................................................................................ 40

J.   Post-Confirmation Conversion/Dismissal ................................................ 40

K.   Final Decree ........................................................................................... 41

IV.   GENERAL PROVISIONS ............................................................................... 41

A.   Definitions and Rules of Construction ..................................................... 41

B.   Cramdown ............................................................................................... 41

C.   Binding Effect .......................................................................................... 41

D.   Captions .................................................................................................. 41

E.   Controlling Effect ..................................................................................... 42

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

# TABLE OF AUTHORITIES

**Page(s)**

## STATUTES

11 U.S.C. § 101 ................................................................................................................ 1, 41

11 U.S.C. § 102 .................................................................................................................... 41

11 U.S.C. § 108 .................................................................................................................... 34

11 U.S.C. § 346 .................................................................................................................... 34

11 U.S.C. § 362(a) ............................................................................................................... 40

11 U.S.C. § 502 .................................................................................................................... 38

11 U.S.C. § 502(g) ............................................................................................................... 37

11 U.S.C. § 502(h) ............................................................................................................... 37

11 U.S.C. § 502(l) ................................................................................................................ 37

11 U.S.C. § 505 .................................................................................................................... 34

11 U.S.C. § 506(b) ................................................................................................................. 4

11 U.S.C. § 507(a) ............................................................................................................... 18

11 U.S.C. § 507(a)(2) ............................................................................................................ 2

11 U.S.C. § 507(a)(3) ........................................................................................................... 18

11 U.S.C. § 507(a)(4) ........................................................................................................... 18

11 U.S.C. § 507(a)(5) ........................................................................................................... 18

11 U.S.C. § 507(a)(6) ........................................................................................................... 18

11 U.S.C. § 507(a)(7) ........................................................................................................... 18

11 U.S.C. § 507(a)(8) ......................................................................................................... 5, 6

11 U.S.C. § 510 .................................................................................................................... 34

11 U.S.C. § 511 .................................................................................................................. 4, 6

11 U.S.C. § 525 .................................................................................................................... 34

11 U.S.C. § 543 .................................................................................................................... 34

11 U.S.C. § 545 .................................................................................................................... 34

11 U.S.C. § 547 .................................................................................................................... 34

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

iv

1

## TABLE OF AUTHORITIES (cont.)

2
**Page(s)**

3
11 U.S.C. § 548 ........................................................................................... 34

4
11 U.S.C. § 549 ........................................................................................... 34

5
11 U.S.C. § 551 ........................................................................................... 34

6
11 U.S.C. § 553 ..................................................................................... 27, 34

7
11 U.S.C. § 1112(b) ..................................................................................... 40

8
11 U.S.C. § 1125(e) ..................................................................................... 38

9
11 U.S.C. § 1127(a) ..................................................................................... 39

10
11 U.S.C. § 1127(b) ..................................................................................... 40

11
11 U.S.C. § 1129(b) ..................................................................................... 41

12
11 U.S.C. § 1141 ......................................................................................... 37

13
11 U.S.C. § 1141(b) ..................................................................................... 39

14
11 U.S.C. § 1144 ......................................................................................... 41

15
11 U.S.C. § 1146 ......................................................................................... 34

16
11 U.S.C. § 1146(a) ..................................................................................... 37

17
28 U.S.C. § 1930(a)(6) ................................................................................. 40

18

## RULES

19
Federal Rule of Bankruptcy Procedure 9019 ................................................ 29

20
Federal Rule of Bankruptcy Procedure 3022 ............................................... 41

21

22

23

24

25

26

27

28

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

1   **I.   INTRODUCTION**[1]

2      David Tudor Chamberlain is the debtor and debtor-in-possession (the "Debtor") in

3   the above-captioned chapter 11 bankruptcy case (the "Case").  The Case was

4   commenced by the filing of a voluntary chapter 11 petition under the United States

5   Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code" or the "Code"), on

6   April 9, 2017 (the "Petition Date").

7      The Debtor is the proponent of the Plan.  Sent to you in the same envelope as this

8   document is the Second Amended Disclosure Statement Describing Second Amended

9   Chapter 11 Plan of Reorganization (the "Disclosure Statement"), which has been

10  approved by the Court and which is provided to help you understand the Plan.  The

11  Disclosure Statement is explanatory only; the language used in the Plan is binding.  **Your**

12  **rights may be affected.  You should read these papers carefully and discuss them**

13  **with your attorney, if you have one.  If you do not have an attorney, you may wish to**

14  **consult one.**

15     This Plan is a reorganizing plan.  The Plan provides that all Allowed Claims against

16  the Debtor will be paid in full, including all Allowed Secured Claims, Allowed Priority

17  Claims and Allowed General Unsecured Claims.  All creditors should refer to Articles II-IV

18  of this Plan for the precise treatment of their Claims.  If confirmed, the Plan will bind all

19  creditors provided for in the Plan, whether or not they file a Proof of Claim, accept the

20  Plan, object to confirmation, or have their Claims allowed.

21      The Effective Date of the Plan will be the first Business Day that is at least fifteen

22  (15) days after the entry of an order confirming the Plan (the "Confirmation Order"),

23  provided there has been no order staying the effectiveness of the Confirmation Order.

24

25

26   _____

27   [1] Any capitalized terms not defined in the text of this Plan are defined in the Table of Definitions found at
the end of the Plan.

28

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

## II.    THE PLAN OF REORGANIZATION

### A.    General Overview

As required by the Bankruptcy Code, the Plan classifies Claims in various Classes according to their right to priority.  The Plan states whether each Class of Claims is impaired or unimpaired.  The Plan provides the treatment each Class will receive.  In no event shall any creditor receive more than the creditor's Allowed Claim, plus interest, to the extent provided herein.

Unless otherwise expressly stated in the Plan, the treatment of Allowed Claims under the Plan supersedes any agreements or rights the Holders of those Claims may have in or against the Debtor or his assets and is in full satisfaction of the legal, equitable, and contractual rights of the Holders of the Claims.

Unless the Plan provides otherwise, no Distributions will be made and no rights retained on account of any Claim that has not become an Allowed Claim.

### B.    Treatment of Unclassified Claims

Certain types of Claims are not placed into voting Classes but are instead unclassified.  They are not considered impaired and they do not vote on the Plan because they are automatically entitled to certain treatment under the Bankruptcy Code.  Accordingly, the following Claims have <u>not</u> been placed into a Class:

#### 1.    Administrative Expenses

Administrative Claims are Claims for costs or expenses of administering the Debtor's Case which are allowed under § 507(a)(2) of the Bankruptcy Code.  The Bankruptcy Code requires that all Allowed Administrative Claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtor's § 507(a)(2) unpaid Administrative Claims and their treatment under the Plan:

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

| Description | Estimated Amount Owed | Treatment |
|---|---|---|
| Clerk's Office Fees | $0 | Paid in full on or before the Effective Date. |
| OUST | $1,950 | Paid in full on or before the Effective Date. |
| Ordinary-Course Administrative Claims | $0 | Unless the Debtor objects to the Ordinary-Course Administrative Claim, the Claim will be allowed in accordance with the terms and conditions of the particular transaction giving rise to the Ordinary-Course Administrative Claim, and the Person Holding the Ordinary-Course Administrative Claim need not File any Request for Payment of its Claim. However, any Request for Payment, or Motion to allow a Claim as an Ordinary-Course Administrative Claim must be Filed with the Court and served on counsel for the Debtor or the Reorganized Debtor, as the case may be, and the OUST by no later than sixty (60) days after the Effective Date. |
| Non-Ordinary Course Administrative Claims | $0 | To the extent that any Non-Ordinary Course Administrative Claims are allowed, they will be paid in full by the Debtor on the later of the Effective Date or immediately after the Court enters a Final Order allowing the Non-Ordinary Course Administrative Claim. |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

| Description | Estimated Amount Owed | Treatment |
|---|---|---|
| Administrative Tax Claims | $0 | Unless the Debtor objects to an Administrative Tax Claim or otherwise disputes the Administrative Tax Claim in accordance with applicable law, the Claim will be Allowed in accordance with the terms and conditions of the particular transaction that gave rise to the Administrative Tax Claim, and the Person Holding the Administrative Tax Claim need not File any Request for Payment of its Claim.<br><br>Any Allowed Administrative Tax Claim will be paid in the ordinary course of business, currently and timely as they are incurred and billed, unless the Debtor objects to or otherwise disputes such Administrative Tax Claim in accordance with applicable law.  In an event of default, and to the extent such Administrative Tax Claim is also secured, the payment thereof will include all costs, fees, charges and interest, if applicable, as required under 11 U.S.C. §§ 506(b) and 511, and applicable non-bankruptcy law. |
| LWGF | $500,000, estimated as of the Effective Date.[2] | Paid on the later of (i) the Effective Date or (ii) upon entry of an order approving the Professional Fee Claim, except to the extent that a Holder of such Claim agrees to other terms.  The Debtor intends to make such payment from the Debtor's Income and/or from the proceeds of a Sale and/or Refinancing of the Real Property. |
| The Page Firm | $30,000, estimated as of the Effective Date, which would be in addition to the fees and expenses, if any, paid to the Page Firm post-petition. | Paid on the later of (i) the Effective Date or (ii) upon entry of an order approving the Professional Fee Claim, except to the extent that a Holder of such Claim agrees to other terms.  The Debtor intends to make such payment from the Debtor's Income and/or from the proceeds of a Sale and/or Refinancing of the Real Property. |
| The Vogele Firm | $50,000, estimated as of the Effective Date, which would be in addition to the fees and expenses, if any, paid to the Vogele Firm post-petition. | Paid on the later of (i) the Effective Date or (ii) upon entry of an order approving the Professional Fee Claim, except to the extent that a Holder of such Claim agrees to other terms.  The Debtor intends to make such payment from the Debtor's Income and/or from the proceeds of a Sale and/or Refinancing of the Real Property. |

---

[2] The estimate of Professional Fee Claims is only an estimate and will change based upon the legal or financial services required during this Case and upon what the Court ultimately awards to Professionals. The Estate remains liable for all allowed professional fees and costs regardless of the estimates.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

| Description | Estimated Amount Owed | Treatment |
|---|---|---|
| Force 10 Partners LLC | $60,000, estimated as of the Effective Date, which would be in addition to the fees and expenses, if any, paid to Force Ten Partners LLC post-petition. | Paid on the later of (i) the Effective Date or (ii) upon entry of an order approving the Professional Fee Claim, except to the extent that a Holder of such Claim agrees to other terms. The Debtor intends to make such payment from the Debtor's Income and/or from the proceeds of a Sale and/or Refinancing of the Real Property. |
| TOTAL | $641,950 | |

a.    Professional Fee Claims

Any Professional seeking allowance of a Professional Fee Claim for services rendered prior to the Effective Date in connection with the Debtor's Case must (1) File their application for allowance of compensation and reimbursement of expenses on or before 45 days after the Effective Date or such other date as may be set by the Court, and (2) have the fees and expenses allowed by a Final Order.  Any party in interest may File an objection to such an application within the time provided by the Local Bankruptcy Rules or within any other period that the Court sets.  Persons holding Professional Fee Claims who do not timely File and serve their applications for payment will be forever barred from asserting these Claims against the Reorganized Debtor or his property.

As indicated above, the Debtor may need to pay $641,950 worth of Administrative Claims on the Effective Date of the Plan, unless the claimant has agreed to be paid later or the Court has not yet ruled on the Claim.  Effective Date payments on account of Professional Fee Claims (and Class 20 General Unsecured Claims) will be satisfied from the Debtors' Income and/or the proceeds of a Sale and/or Refinancing of the Real Property.

**2.    Priority Tax Claims**

Priority Tax Claims include certain unsecured income, employment and other taxes described by Bankruptcy Code § 507(a)(8).  The Bankruptcy Code requires that each Holder of such a § 507(a)(8) Priority Tax Claim receive the present value of such Claim in regular installment payments in Cash, over a period not exceeding five (5) years from the

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Petition Date.  The following chart lists all of the Debtor's known § 507(a)(8) Priority Tax Claims and their treatment under the Plan:

| Description | Amount Owed | Treatment |
|---|---|---|
| Internal Revenue Service ("IRS") | $693 | To the extent that any amounts are determined to be owed to the IRS, the Debtor or the Reorganized Debtor, as the case may be, shall pay in full the allowed amount of its Claim no more than five (5) years from the Petition Date.  The Claim shall accrue interest from the Effective Date on the unpaid balance of the Allowed Priority Tax Claim at the rate required by 11 U.S.C. § 511 to provide "present value" of the Allowed Priority Tax Claim.  The Debtor or the Reorganized Debtor shall have the right to pay the balance of the Allowed Priority Tax Claim in full at any time on or after the Effective Date without premium or penalty of any kind.  Payments will be made quarterly, due on the first day of the quarter, starting on the first date after the Effective Date and ending on the last such date that is no more than five (5) years after the Petition Date. |
| California Franchise Tax Board ("CFTB") | $0 | To the extent that any amounts are determined to be owed to the CFTB, the Debtor or the Reorganized Debtor, as the case may be, shall pay in full the allowed amount of its Claim no more than five (5) years from the Petition Date.  The Claim shall accrue interest from the Effective Date on the unpaid balance of the Allowed Priority Tax Claim at the rate required by 11 U.S.C. § 511 to provide "present value" of the Allowed Priority Tax Claim.  The Debtor or the Reorganized Debtor shall have the right to pay the balance of the Allowed Priority Tax Claim in full at any time on or after the Effective Date without premium or penalty of any kind.  Payments will be made quarterly, due on the first day of the quarter, starting on the first date after the Effective Date and ending on the last such date that is no more than five (5) years after the Petition Date. |

## C.    Classified Claims

### 1.    Summary of Classes

| Summary of Classes | |
|---|---|
| **Class #** | **Claimant(s)** |
| 1 | Secured Claim of Roundpoint Mortgage (1st Trust Deed Surfside Property) |
| 2 | Secured Claim of Wells Fargo Bank (2nd Trust Deed Surfside Property) |
| 3 | Secured Claim of Chase Commercial Bank (1st Trust Deed LaSalle Street Property) |
| 4 | Secured Claim of Ann Leisy (2nd Trust Deed LaSalle Street Property) |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

| 5 | Secured Claim of Chase Commercial Bank (1st Trust Deed Comstock Avenue Property) |
|---|---|
| 6 | Secured Claim of Digital Federal Credit Union (1st Trust Deed New Hampshire Property) |
| 7 | Secured Claim of U.S. Bank (1st Trust Deed Nevada Property) |
| 8 | Secured Claim of Wells Fargo Bank (1st Trust Deed Vonnie Lane Property) |
| 9 | Secured Claim of Wells Fargo Bank (1st Trust Deed N. Olive Street Property) |
| 10 | Secured Claim of Pacific Premier Bank (2nd Trust Deed N. Olive Street Property) |
| 11 | Secured Claim of Pacific Premier Bank (Cross-Collateralized 1st Trust Deeds Newman Street Property, Bishop Street Property, Del Amo Blvd. Property, Denni Street Property and PPB UCC-1) |
| 12 | Secured Claim of OCWEN (1st Trust Deed San Alto Way Property) |
| 13 | Secured Claim of OCWEN (1st Trust Deed Stratton Court Property) |
| 14 | Secured Claim of OCWEN (1st Trust Deed 8479 Cedarview Court Property) |
| 15 | Secured Claim of OCWEN (1st Trust Deed 8475 Cedarview Court Property) |
| 16 | Secured Claim of Tarnutzer (Tarnutzer Lien) |
| 17 | Secured Claim of Alliant Credit Union (Tesla) |
| 18 | Secured Tax Claims |
| 19 | Priority Unsecured Claims |
| 20 | General Unsecured Claims (other than Fern) |
| 21 | [Intentionally Omitted] |
| 22 | Unsecured Claim of Fern |

## 2. Secured Claims

Secured Claims are Claims secured by liens on property of the Estate.  The following chart lists all Classes of Secured Claim and their treatment under the Plan:

| Secured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| 1 | Secured Claim of Roundpoint Mortgage<br><br>• Collateral: Surfside Property<br><br>• Priority of Security Interest: First | N | N | Except to the extent that the holder of the Allowed Class 1 Claim agrees to different treatment, the legal, equitable and contractual rights to which the holder of the Allowed Class 1 Claim is entitled shall remain unaltered under the Plan. |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

| | Secured Claims | | | |
|---|---|---|---|---|
| **Class #** | **Description** | **Insiders (Y/N)** | **Impaired (Y/N)** | **Treatment** |
| | • Total Claim Amount: $1,494,115[3]  • Collateral Value: approximately $3,500,000 | | | |
| 2 | Secured Claim of Wells Fargo Bank  • Collateral: Surfside Property  • Priority of Security Interest: Second  • Total Claim Amount: $196,765  Collateral Value: approximately $3,500,000 | N | N | Except to the extent that the holder of the Allowed Class 2 Claim agrees to different treatment, the legal, equitable and contractual rights to which the holder of the Allowed Class 2 Claim is entitled shall remain unaltered under the Plan. |
| 3 | Secured Claim of Chase Commercial Bank  • Collateral: LaSalle Street Property  • Priority of Security Interest: First  • Total Claim Amount: $577,533  Collateral Value: approximately $2,000,000 | N | Y | Except to the extent that the holder of the Allowed Class 3 Claim agrees to different treatment, the Secured Claim of Chase Commercial Bank (LaSalle Street Property) shall be modified as follows:  Interest.  Following the Effective Date, simple interest shall accrue on the Secured Claim at the rate of four and one-quarter percent (4.25%) per annum.  Payments.  The monthly payment on account of the Secured Claim will be due on the first (1st) day of the first calendar month following the Effective Date and will be in an amount equal to (a) the interest accrued on the Secured Claim from the Effective Date through the end of the calendar month in which the Effective Date occurs plus (b) principal calculated on the basis of a 30-year amortization schedule.  Thereafter, until maturity, a monthly payment will be due on the first (1st) day of each successive month in an amount equal to (a) the interest accrued on |

---

[3] The claim amounts set forth in this chart are based on the Debtor's records.  Such amounts may vary from such amounts based on, among other things, the incurrence of interest and/or or payments made on account of such Secured Claims following the Petition Date.

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

| | | | Secured Claims | | |
|---|---|---|---|---|---|
| **Class #** | **Description** | **Insiders (Y/N)** | **Impaired (Y/N)** | **Treatment** | |
| | | | | the unpaid principal balance of the Secured Claim during the previous month plus (b) an installment of principal calculated on the basis of a 30-year amortization schedule. <br>Maturity Date.  The Secured Claim will be due and payable seven (7) years following the Effective Date. <br>Other Terms Unchanged.  Except to the extent provided above, the legal, equitable and contractual rights to which the holder of the Allowed Class 3 Claim was otherwise entitled shall remain unaltered under the Plan. | |
| 4 | Secured Claim of Ann Leisy <br><br>• Collateral: LaSalle Street Property <br><br>• Priority of Security Interest: Second <br><br>• Total Claim Amount: $162,342 <br><br>Collateral Value: approximately $2,000,000 | Y | N | Except to the extent that the holder of the Allowed Class 4 Claim agrees to different treatment, the legal, equitable and contractual rights to which the holder of the Allowed Class 4 Claim is entitled shall remain unaltered under the Plan. | |
| 5 | Secured Claim of Chase Commercial Bank <br><br>• Collateral: Comstock Avenue Property <br><br>• Priority of Security Interest: First <br><br>• Total Claim Amount: $380,355 <br><br>Collateral Value: approximately $1,800,000 | N | N | Except to the extent that the holder of the Allowed Class 5 Claim agrees to different treatment, the legal, equitable and contractual rights to which the holder of the Allowed Class 5 Claim is entitled shall remain unaltered under the Plan. | |
| 6 | Secured Claim of Digital Federal Credit Union <br><br>• Collateral: New Hampshire Property <br><br>• Priority of Security | N | Y | Except to the extent that the holder of the Allowed Class 6 Claim agrees to different treatment, the Secured Claim of Digital Federal Credit Union (New Hampshire Property) shall be modified as follows: <br><br>Payments.  The monthly payment on account of the Secured Claim will be due on the first | |

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

| | | | | Secured Claims |
|---|---|---|---|---|
| **Class #** | **Description** | **Insiders (Y/N)** | **Impaired (Y/N)** | **Treatment** |
| | Interest: First<br><br>• Total Claim Amount: $378,485<br><br>Collateral Value: approximately $1,000,000 | | | (1st) day of the first calendar month following the Effective Date and will be in an amount equal to (a) the interest accrued on the Secured Claim from the Effective Date through the end of the calendar month in which the Effective Date occurs plus (b) principal calculated on the basis of a 7-year amortization schedule. Thereafter, until maturity, a monthly payment will be due on the first (1st) day of each successive month in an amount equal to (a) the interest accrued on the unpaid principal balance of the Secured Claim during the previous month plus (b) an installment of principal calculated on the basis of a 7-year amortization schedule.<br>Maturity Date. The Secured Claim will be due and payable seven (7) years following the Effective Date.<br>Co-Obligors. Digital Federal Credit Union will not pursue the non-filing co-obligors so long as the Debtor is current on plan payments.<br>The 274 Armory Property. Digital Federal Credit Union will take custody of certain insurance proceeds and place the insurance proceeds in a suspense or escrow account until the Debtor is authorized by the Bankruptcy Court to sell the property "as is". After approval, Digital Federal Credit Union will apply the insurance proceeds to the balance of the loan. As long as Digital Federal Credit Union is in custody of the insurance proceeds, it will not oppose an "as is" sale of the property and will release its lien on the property as part of the sale. If the Debtor is not able to sell the property and desires instead to use the insurance proceeds to rebuild the property, Digital Federal Credit Union will cooperate with the Debtor and release the insurance proceeds incrementally on a percentage of completion basis. Upon the Debtor retaining a contractor and completing a plan and budget to rebuild the property, Digital Federal Credit Union will, at each milestone in the building process, release the funds necessary to pay for the contractor(s), subcontractor(s), and any materials, up to the amount of the insurance proceeds.<br>Other Terms Unchanged. Except to the extent provided above, the legal, equitable and contractual rights to which the holder of the Allowed Class 6 Claim was otherwise |

10

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

| Secured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| | | | | entitled shall remain unaltered under the Plan. |
| 7 | Secured Claim of U.S. Bank<br><br>• Collateral: Nevada Property<br><br>• Priority of Security Interest: First<br><br>• Total Claim Amount: $209,343<br><br>Collateral Value: approximately $860,000 | N | Y | Except to the extent that the holder of the Allowed Class 7 Claim agrees to different treatment, the Secured Claim of U.S. Bank (Nevada Property) shall be modified as follows:<br><br>Interest.  Following the Effective Date, simple interest shall accrue on the Secured Claim at the rate of four percent (4.0%) per annum.<br>Payments.  The monthly payment on account of the Secured Claim will be due on the first (1st) day of the first calendar month following the Effective Date and will be in an amount equal to (a) the interest accrued on the Secured Claim from the Effective Date through the end of the calendar month in which the Effective Date occurs plus (b) principal calculated on the basis of a 10-year amortization schedule.  Thereafter, until maturity, a monthly payment will be due on the first (1st) day of each successive month in an amount equal to (a) the interest accrued on the unpaid principal balance of the Secured Claim during the previous month plus (b) an installment of principal calculated on the basis of a 10-year amortization schedule.<br>Maturity Date.  The Secured Claim will be due and payable five (5) years following the Effective Date.<br>Other Terms Unchanged.  Except to the extent provided above, the legal, equitable and contractual rights to which the holder of the Allowed Class 7 Claim was otherwise entitled shall remain unaltered under the Plan. |
| 8 | Secured Claim of Wells Fargo Bank<br><br>• Collateral: Vonnie Lane Property<br><br>• Priority of Security Interest: First<br><br>• Total Claim Amount: $444,048<br><br>Collateral Value: approximately $700,000 | N | Y | Except to the extent that the holder of the Allowed Class 8 Claim agrees to different treatment, the Secured Claim of Wells Fargo Bank (Vonnie Lane Property) shall be modified as follows:<br><br>Interest.  Following the Effective Date, simple interest shall accrue on the Secured Claim at the rate of four and one-quarter percent (4.25%) per annum.<br>Payments.  The monthly payment on account of the Secured Claim will be due on the first (1st) day of the first calendar month following the Effective Date and will be in an amount equal to (a) the interest accrued on the Secured Claim from the Effective Date |

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

| | | | | Secured Claims |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| | | | | through the end of the calendar month in which the Effective Date occurs plus (b) principal calculated on the basis of a 30-year amortization schedule.  Thereafter, until maturity, a monthly payment will be due on the first (1st) day of each successive month in an amount equal to (a) the interest accrued on the unpaid principal balance of the Secured Claim during the previous month plus (b) an installment of principal calculated on the basis of a 30-year amortization schedule. Maturity Date.  The Secured Claim will be due and payable seven (7) years following the Effective Date. Other Terms Unchanged.  Except to the extent provided above, the legal, equitable and contractual rights to which the holder of the Allowed Class 8 Claim was otherwise entitled shall remain unaltered under the Plan. |
| 9 | Secured Claim of Wells Fargo Bank  • Collateral: N. Olive Street Property  • Priority of Security Interest: First  • Total Claim Amount: $187,283  Collateral Value: approximately $660,000 | N | Y | Except to the extent that the holder of the Allowed Class 9 Claim agrees to different treatment, the Secured Claim of Wells Fargo Bank (N. Olive Street Property) shall be modified as follows:  Interest.  Following the Effective Date, simple interest shall accrue on the Secured Claim at the rate of four and one-quarter percent (4.25%) per annum. Payments.  The monthly payment on account of the Secured Claim will be due on the first (1st) day of the first calendar month following the Effective Date and will be in an amount equal to (a) the interest accrued on the Secured Claim from the Effective Date through the end of the calendar month in which the Effective Date occurs plus (b) principal calculated on the basis of a 30-year amortization schedule.  Thereafter, until maturity, a monthly payment will be due on the first (1st) day of each successive month in an amount equal to (a) the interest accrued on the unpaid principal balance of the Secured Claim during the previous month plus (b) an installment of principal calculated on the basis of a 30-year amortization schedule. Maturity Date.  The Secured Claim will be due and payable seven (7) years following the Effective Date. Other Terms Unchanged.  Except to the extent provided above, the legal, equitable |

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

| Secured Claims | | | | |
|---|---|---|---|---|
| **Class #** | **Description** | **Insiders (Y/N)** | **Impaired (Y/N)** | **Treatment** |
| | | | | and contractual rights to which the holder of the Allowed Class 9 Claim was otherwise entitled shall remain unaltered under the Plan. |
| 10 | Secured Claim of Pacific Premier Bank<br><br>• Collateral: N. Olive Street Property<br><br>• Priority of Security Interest: Second<br><br>• Total Claim Amount: $150,321<br><br>Collateral Value: approximately $660,000 | N | Y | Except to the extent that the holder of the Allowed Class 10 Claim agrees to different treatment, the Secured Claim of Pacific Premier Bank (N. Olive Street Property) shall be modified as follows:<br><br>Maturity Date.  The Secured Claim will be due and payable five (5) years following the Effective Date.<br>Other Terms Unchanged.  Except to the extent provided above, the legal, equitable and contractual rights to which the holder of the Allowed Class 10 Claim was otherwise entitled shall remain unaltered under the Plan. |
| 11 | Cross-Collateralized Secured Claim of Pacific Premier Bank<br><br>• Collateral: Newman Street Property, Bishop Street Property, Del Amo Blvd. Property, Denni Street Property and PPB UCC-1<br><br>• Priority of Security Interest: First<br><br>• Total Claim Amount: $1,142,254<br><br>Collateral Value: approximately $2,985,000 | N | N | Except to the extent that the holder of the Allowed Class 11 Claim agrees to different treatment, the legal, equitable and contractual rights to which the holder of the Allowed Class 11 Claim is entitled shall remain unaltered under the Plan. |
| 12 | Secured Claim of OCWEN<br><br>• Collateral: San Alto Way Property<br><br>• Priority of Security Interest: First<br><br>• Total Claim Amount: $260,867<br><br>Collateral Value: | N | Y | Except to the extent that the holder of the Allowed Class 12 Claim agrees to different treatment, the Secured Claim of OCWEN (Stratton Court Property) shall be modified as follows:<br><br>Interest.  Following the Effective Date, simple interest shall accrue on the Secured Claim at the rate of five and one-half percent (5.5%) per annum.<br>Payments.  The monthly payment on account of the Secured Claim will be due on the first (1st) day of the first calendar month following |

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

| Secured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| | approximately $500,000 | | | the Effective Date and will be in an amount equal to (a) the interest accrued on the Secured Claim from the Effective Date through the end of the calendar month in which the Effective Date occurs plus (b) principal calculated on the basis of a 30-year amortization schedule.  Thereafter, until maturity, a monthly payment will be due on the first (1st) day of each successive month in an amount equal to (a) the interest accrued on the unpaid principal balance of the Secured Claim during the previous month plus (b) an installment of principal calculated on the basis of a 30-year amortization schedule. Maturity Date.  The Secured Claim will be due and payable thirty (30) years following the Effective Date. Other Terms Unchanged.  Except to the extent provided above, the legal, equitable and contractual rights to which the holder of the Allowed Class 12 Claim was otherwise entitled shall remain unaltered under the Plan. |
| 13 | Secured Claim of OCWEN  • Collateral: Stratton Court Property  • Priority of Security Interest: First  • Total Claim Amount: $270,160  Collateral Value: approximately $436,000 | N | Y | Except to the extent that the holder of the Allowed Class 13 Claim agrees to different treatment, the Secured Claim of OCWEN (Stratton Court Property) shall be modified as follows:  Interest.  Following the Effective Date, simple interest shall accrue on the Secured Claim at the rate of five and one-half percent (5.5%) per annum. Payments.  The monthly payment on account of the Secured Claim will be due on the first (1st) day of the first calendar month following the Effective Date and will be in an amount equal to (a) the interest accrued on the Secured Claim from the Effective Date through the end of the calendar month in which the Effective Date occurs plus (b) principal calculated on the basis of a 30-year amortization schedule.  Thereafter, until maturity, a monthly payment will be due on the first (1st) day of each successive month in an amount equal to (a) the interest accrued on the unpaid principal balance of the Secured Claim during the previous month plus (b) an installment of principal calculated on the basis of a 30-year amortization schedule. Maturity Date.  The Secured Claim will be due |

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

| | Secured Claims | | | |
|---|---|---|---|---|
| **Class #** | **Description** | **Insiders (Y/N)** | **Impaired (Y/N)** | **Treatment** |
| | | | | and payable thirty (30) years following the Effective Date. <u>Other Terms Unchanged</u>.  Except to the extent provided above, the legal, equitable and contractual rights to which the holder of the Allowed Class 13 Claim was otherwise entitled shall remain unaltered under the Plan. |
| 14 | Secured Claim of OCWEN<br><br>• Collateral: 8479 Cedarview Court Property<br><br>• Priority of Security Interest: First<br><br>• Total Claim Amount: $237,521<br><br>Collateral Value: approximately $400,000 | N | Y | Except to the extent that the holder of the Allowed Class 14 Claim agrees to different treatment, the Secured Claim of OCWEN (8479 Cedarview Court Property) shall be modified as follows:<br><br><u>Interest</u>.  Following the Effective Date, simple interest shall accrue on the Secured Claim at the rate of five and one-half percent (5.5%) per annum.<br><u>Payments</u>.  The monthly payment on account of the Secured Claim will be due on the first (1st) day of the first calendar month following the Effective Date and will be in an amount equal to (a) the interest accrued on the Secured Claim from the Effective Date through the end of the calendar month in which the Effective Date occurs plus (b) principal calculated on the basis of a 30-year amortization schedule.  Thereafter, until maturity, a monthly payment will be due on the first (1st) day of each successive month in an amount equal to (a) the interest accrued on the unpaid principal balance of the Secured Claim during the previous month plus (b) an installment of principal calculated on the basis of a 30-year amortization schedule.<br><u>Maturity Date</u>.  The Secured Claim will be due and payable thirty (30) years following the Effective Date.<br><u>Other Terms Unchanged</u>.  Except to the extent provided above, the legal, equitable and contractual rights to which the holder of the Allowed Class 14 Claim was otherwise entitled shall remain unaltered under the Plan. |
| 15 | Secured Claim of OCWEN<br><br>• Collateral: 8475 Cedarview Court Property<br><br>• Priority of Security Interest: First | N | Y | Except to the extent that the holder of the Allowed Class 15 Claim agrees to different treatment, the Secured Claim of OCWEN (8475 Cedarview Court Property) shall be modified as follows:<br><br><u>Interest</u>.  Following the Effective Date, simple interest shall accrue on the Secured Claim at the rate of five and one-half percent (5.5%) |

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

| Secured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| | • Total Claim Amount: $237,521<br><br>Collateral Value: approximately $375,000 | | | per annum.<br>Payments. The monthly payment on account of the Secured Claim will be due on the first (1st) day of the first calendar month following the Effective Date and will be in an amount equal to (a) the interest accrued on the Secured Claim from the Effective Date through the end of the calendar month in which the Effective Date occurs plus (b) principal calculated on the basis of a 30-year amortization schedule. Thereafter, until maturity, a monthly payment will be due on the first (1st) day of each successive month in an amount equal to (a) the interest accrued on the unpaid principal balance of the Secured Claim during the previous month plus (b) an installment of principal calculated on the basis of a 30-year amortization schedule.<br>Maturity Date. The Secured Claim will be due and payable thirty (30) years following the Effective Date.<br>Other Terms Unchanged. Except to the extent provided above, the legal, equitable and contractual rights to which the holder of the Allowed Class 15 Claim was otherwise entitled shall remain unaltered under the Plan. |
| 16 | Secured Claim of Tarnutzer<br><br>• Collateral: Judgment Lien on certain Real Property and Personal Property<br><br>• Priority of Security Interest: junior to liens of Real Property Lenders and pre-existing liens on personal property<br><br>• Total Claim Amount: $2,547,301 ($3,353,009.53 as of the Petition Date, including post-judgment accrual of interest)<br><br>• Collateral Value (Real Property): | N | Y | To the extent that the creditor in this Class is determined to have an Allowed Secured Claim, such Allowed Secured Claim will be paid in full within 120 days from the entry of a Final Order in the Tarnutzer Litigation allowing the Claim. Any such Allowed Claim will be satisfied first from the Interpled DV Sale Proceeds and, thereafter, to the extent necessary, from the proceeds of a Sale and/or Refinancing of some or all of the Real Property. As of the Petition Date, the Tarnutzer Judgment was in the amount of $3,353,009.53. Any Allowed Secured Claim of Tarnutzer shall include post-judgment interest as provided under applicable law. |

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| | | Secured Claims | | |
|---|---|---|---|---|
| **Class #** | **Description** | **Insiders (Y/N)** | **Impaired (Y/N)** | **Treatment** |
| | Approximately $7.6 million (Claimant does not have a lien against the New Hampshire Property or the Nevada Property). Under the Plan, the value from which the Class 16 Claim may be paid is approximately $1.8 million in Interpled DV Sale Proceeds and approximately $8.8 million in total equity in Real Property (which figure includes the value of the New Hampshire Property and the Nevada Property) | | | |
| 17 | Secured Claim of Alliant Credit Union<br><br>• Collateral: Lien on Tesla<br><br>• Priority of Security Interest: First<br><br>• Total Claim Amount: $86,648<br><br>Collateral Value: approximately $73,000 | N | N | Except to the extent that the holder of the Allowed Class 17 Claim agrees to different treatment, the legal, equitable and contractual rights to which the holder of the Allowed Class 17 Claim is entitled shall remain unaltered under the Plan. |
| 18 | Secured Tax Claims<br><br>• Los Angeles: $12,761<br>• Orange County: $51,854 | N | N | Except to the extent that the holder of the Allowed Class 18 Claim agrees to different treatment, the legal, equitable and contractual rights to which the holder of the Allowed Class 18 Claim is entitled shall remain unaltered under the Plan. |

If a secured creditor disputes the value of its collateral as stated above, that

secured creditor must timely File an objection to confirmation of the Plan, or the value

stated by the Debtor may be determined to be the value of the collateral.  The objection

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

1 must be accompanied by competent evidence of valuation.  If the value of the collateral is

2 disputed, the Court may schedule a separate hearing to determine value.

### 3.    Class of Priority Claims

4        Certain Priority Claims that are referred to in Bankruptcy Code §§ 507(a)(3), (4),

5 (5), (6), and (7) are required to be placed in Classes in a chapter 11 plan.  The Bankruptcy

6 Code requires that each Holder of a Priority Claim receive Cash on the Effective Date

7 equal to the allowed amount of such Claim.  However, a Class of unsecured Priority Claim

8 Holders may vote to accept deferred Cash payments of a value, as of the Effective Date,

9 equal to the allowed amount of such Claim.

10       The following chart lists all Classes containing the Debtor's Bankruptcy Code

11 §§ 507(a)(3), (4), (5), (6), and (7) Priority Claims and their treatment under the Plan:

| Priority Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| 19 | Priority Claims<br><br>Estimated total amount of claims: $693 | N | N | Each Allowed Priority Claim in Class 19 will be paid in full on the Effective Date. |

### 4.    Class of General Unsecured Claims

18       General Unsecured Claims are unsecured Claims not entitled to priority under

19 Bankruptcy Code § 507(a).  The following chart identifies the Plan's treatment of General

20 Unsecured Claims:

| General Unsecured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| 20 | General Unsecured Claims (other than Fern)<br>Estimated total amount of claims: $271,000 | Y | N | Each Allowed General Unsecured Claim in Class 20 (with the exception of Fern) will be paid on the later of (i) the Effective Date or (ii) upon entry of an order allowing the Claim, except to the extent that a Holder of such Claim agrees to other terms. |

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

| General Unsecured Claims | | | | |
|---|---|---|---|---|
| **Class #** | **Description** | **Insiders (Y/N)** | **Impaired (Y/N)** | **Treatment** |
| 21 | [Intentionally Omitted] | | | |
| 22 | General Unsecured Claim of Fern<br><br>Estimated total amount of claim: $4,132,500 (disputed) | Y | Y | To the extent that Fern is determined to have an Allowed General Unsecured Claim, such Allowed Claim will be satisfied from the proceeds of a Sale and/or Refinancing of some or all of the Real Property.  Such Allowed General Unsecured Claim will be paid in full within 120 days from the entry of a Final Order in the Fern Litigation allowing the Claim; *provided, however*, that if Fern obtains an Allowed Claim prior to resolution of the Tarnutzer Litigation, Fern shall be granted a lien on the Real Property subject to the Tarnutzer Lien, junior to the existing liens thereon, to secure such Allowed Claim and shall be paid within one hundred and twenty (120) days following the entry of a Final Order resolving the Tarnutzer Litigation. |

## D.    Means of Effectuating the Plan

This section is intended to explain how the Debtor intends to effectuate the Plan, and how the Debtor intends to fund the obligations to Holders of Allowed Claims as provided in the Plan.  This section provides information regarding the funding sources for Plan obligations and other material issues bearing upon performance of the Plan.

### 1.    Funding the Plan

Distributions to creditors (other than to Tarnutzer and Fern) under the Plan will be funded with the Real Property Income and the Debtor's Income.  *See Exhibit "1" to the Disclosure Statement.*

Any Allowed Claim of Tarnutzer based on a Final Order in the Tarnutzer Litigation will be satisfied first from the Interpled DV Sale Proceeds and, thereafter, to the extent

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

1  necessary to pay such Allowed Claim in full, from a Sale and/or Refinancing of some or all

2  of the Real Property.[4]

3       Any Allowed Claim of Fern based on a Final Order in the Fern Litigation will be

4  satisfied from a Sale and/or Refinancing of some or all of the Real Property.

5       Within thirty (30) days of a Final Order granting an Allowed Claim to Tarnutzer

6  and/or Fern, the Debtor shall provide a written status report to Tarnutzer and Fern setting

7  forth information regarding the manner in which the Debtor intends to satisfy such Allowed

8  Claim in accordance with the terms of the Plan.

9       Effective Date payments on account of Professional Fee Claims and Class 20

10  General Unsecured Claims will be satisfied from the Debtor's Income and/or proceeds of

11  a Sale and/or Refinancing of the Real Property.

12              a.    The Interpled DV Sale Proceeds

13       The Interpled DV Sale Proceeds will not be released unless and until the state

14  court resolves the issues regarding the parties' entitlement to the Interpled DV Sale

15  Proceeds.  The Debtor will not seek the release of the Interpled DV Sale Proceeds

16  through the Plan or by way of order of the Bankruptcy Court.  In this regard, and for

17  purposes of clarification regarding the Debtor's contemplated use of such Funds, if the

18  state court determines that Tarnutzer is entitled to the Interpled DV Sale Proceeds, such

19  amounts will be used as a credit against Tarnutzer's Allowed Claim, if any.  If the state

20  court determines that Tarnutzer is not entitled to the Interpled DV Sale Proceeds (for

21  example, because the Tarnutzer Judgment was only entered against the Debtor based on

22  his personal guaranty of Tarnutzer's loan to Domingo Villa and there was no judgment in

23  favor of Tarnutzer against Domingo Villas itself), and the Interpled Funds are determined

24  to be Domingo Villa's property free of any claim of Tarnutzer, such Interpled DV Sale

26  [4] To the extent that Tarnutzer does not have an Allowed Claim and the Interpled DV Sale Proceeds are
27  determined to be Domingo Villa's property free of any claim of Tarnutzer, the Interpled DV Sale Proceeds
will be used to pay any and all other Allowed Claims.

28

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  Proceeds would flow to the Debtor as the 100% owner of Domingo Villas.  In this event,

2  the Debtor would use the monies to pay any Allowed Claim, including any Allowed Claim

3  of Tarnutzer.

4         If any release of the Interpled DV Sale Proceeds to the Debtor is effectuated prior

5  to a Distribution on account of any Allowed Claim of Tarnutzer, the Debtor shall maintain

6  such Interpled DV Sales Proceeds in a segregated, interest-bearing account, earmarked

7  for payment on account of any Allowed Claim of Tarnutzer pursuant to the Plan.  Such

8  payment to Tarnutzer from the Interpled DV Sale Proceeds held by the Debtor shall be

9  made within fifteen (15) days of a determination by Final Order that Tarnutzer holds an

10 Allowed Claim against the Debtor and shall be credited against the amount owed to

11 Tarnutzer by the Debtor.  The remaining balance owed to Tarnutzer shall be satisfied by

12 way of the proceeds from a Sale and/or Refinance of some or all of the Real Property.

13 Alternatively, should the Interpled DV Sale Proceeds not be released to the Debtor prior to

14 a determination by Final Order that Tarnutzer holds an Allowed Claim against the Debtor,

15 the Debtor shall release his claim to the Interpled DV Sale Proceeds (up to the amount of

16 the Allowed Claim) and such amount of the Interpled DV Sale Proceeds shall be credited

17 against the amount owed to Tarnutzer on account of an Allowed Claim.  Any remaining

18 balance owed to Tarnutzer after crediting the amount of the Interpled DV Sale Proceeds

19 against the Allowed Claim shall be satisfied by way of the proceeds from a Sale and/or

20 Refinance of some or all of the Real Property.

21        Should the amount of the Interpled DV Proceeds exceed the Allowed Claim of

22 Tarnutzer, after deducting the amount necessary to satisfy the Allowed Claim of Tarnutzer

23 in full, any excess amount of Interpled DV Sale Proceeds not utilized to satisfy the

24 Allowed Claim of Tarnutzer in full shall be released to and/or retained by, as applicable,

25 the Reorganized Debtor.  To the extent the Interpled DV Sale Proceeds are still held by

26 the superior court in connection with the Tarnutzer Litigation at such time (*i.e.,* such funds

27 were not previously released to the Debtor), the Confirmation Order shall serve as an

28 order to the superior court authorizing and directing the release to the Reorganized Debtor

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

1   of any Interpled DV Sale Proceeds not needed to pay Tarnutzer in full on account of his

2   Allowed Claim against the Debtor, without any further action by any party.

3                    b.    The Sale and/or Refinance of Some or All of the Real Property

4                          to Pay Allowed Claim of Tarnutzer

5           To the extent that the Interpled DV Sale Proceeds are insufficient to pay in full any

6   Allowed Claim of Tarnutzer, the Reorganized Debtor shall have a period of one hundred

7   and twenty (120) days from entry of a Final Order providing Tarnutzer with an Allowed

8   Claim against the Debtor (which 120-day deadline may be extended only by written

9   agreement with Tarnutzer or by Court order upon "cause" shown), to pay the remaining

10  balance due to Tarnutzer on account of his Allowed Claim.  The source of such payment

11  will be from a Sale and/or Refinancing of some or all of the Real Property, at the

12  Reorganized Debtor's sole discretion.  In the event that the Debtor does not obtain the

13  consent of Tarnutzer or a Court order extending the 120-day deadline, the Liquidating

14  Agent shall be appointed to carry out the Sale and/or Refinancing to pay the Allowed

15  Claim of Tarnutzer in place of the Reorganized Debtor.  Prior to the Confirmation Hearing,

16  the Debtor shall submit to the Court the identity of the Liquidating Agent and an

17  agreement with the Liquidating Agent setting forth the terms of such appointment.

18          In connection with any Sale or Refinancing of the Real Property, provided that the

19  net proceeds of such Sale or Refinancing (after payment of transaction costs and senior

20  liens against the applicable Real Property, and after reserving for any tax obligations in

21  connection therewith) are earmarked to pay Tarnutzer on account of his Allowed Claim,

22  the Tarnutzer Lien shall be deemed released from the applicable Real Property subject to

23  such Sale or Refinancing, without any further action by any party.  Any entity facilitating

24  such a Sale or Refinancing (including, without limitation, any purchaser, lender, title or

25  escrow company) shall be entitled to rely solely on the Confirmation Order as evidence of

26  such release of the Tarnutzer Lien in connection with such Sale or Refinancing.  In

27  addition, upon payment in full on account of any Allowed Claim of Tarnutzer, the ORAP

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 • Fax 714-966-1002

1  Lien shall be deemed released from the Debtor's personal property, without any further

2  action by any party.

3          c.      The Sale and/or Refinance of Some or All of the Real Property

4                  to Pay Allowed Claim of Fern

5          The source of such payment to Fern on account of any Allowed Claim will be from

6  a Sale and/or Refinancing of some or all of the Real Property, at the Reorganized

7  Debtor's sole discretion.  The Reorganized Debtor shall have a period of one hundred and

8  twenty (120) days from entry of a Final Order providing Fern with an Allowed Claim

9  against the Debtor (which 120-day deadline may be extended only by written agreement

10 with Fern or by Court order upon "cause" shown), to pay Fern on account of any Allowed

11 Claim; *provided, however*, that if Fern obtains an Allowed Claim prior to resolution of the

12 Tarnutzer Litigation, Fern shall be granted a lien on the Real Property subject to the

13 Tarnutzer Lien, junior to the existing liens thereon, to secure such Allowed Claim and shall

14 be paid within one hundred and twenty (120) days following the entry of a Final Order

15 resolving the Tarnutzer Litigation.  In the event that the Debtor does not obtain the

16 consent of Fern or a Court order extending the applicable 120-day deadline, the

17 Liquidating Agent shall be appointed to carry out the Sale and/or Refinancing to pay the

18 Allowed Claim of Fern in place of the Reorganized Debtor.  Prior to the Confirmation

19 Hearing, the Debtor shall submit to the Court the identity of the Liquidating Agent and an

20 agreement with the Liquidating Agent setting forth the terms of such appointment.

21         In connection with any Sale or Refinancing of the Real Property, provided that the

22 net proceeds of such Sale or Refinancing (after payment of transaction costs and senior

23 liens against the applicable Real Property, and after reserving for any tax obligations in

24 connection therewith) are earmarked to pay Fern on account of his Allowed Claim, any

25 lien granted to Fern shall be deemed released from the applicable Real Property subject

26 to such Sale or Refinancing, without any further action by any party.  Any entity facilitating

27 such a Sale or Refinancing (including, without limitation, any purchaser, lender, title or

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

23

1  escrow company) shall be entitled to rely solely on the Confirmation Order as evidence of

2  such release of the lien held by Fern in connection with such Sale or Refinancing

3  **2.    Disbursing Agent**

4  The Reorganized Debtor shall act as the disbursing agent for the purpose of

5  making the distributions provided for under the Plan.

6  **3.    The Reorganized Debtor**

7  As the Debtor is an individual, he will remain in charge of his financial affairs post-

8  confirmation as the Reorganized Debtor.

9  **4.    Provisions Governing Distributions**

10  a.    Dates of Distribution

11  Effective Date Payments shall be deemed timely made if made as soon as

12  practicable after the Effective Date, but, in any event, within fifteen (15) days of the

13  Effective Date.  Any Distribution required to be made when a Disputed Claim becomes an

14  Allowed Claim shall be deemed timely made if made as soon as practicable thereafter,

15  but, in any event, within fifteen (15) days thereafter.

16  b.    Manner of Distribution

17  At the option and in the sole discretion of the Reorganized Debtor, monetary

18  Distributions may be made by (i) wire transfers from, or (ii) a check drawn on a domestic

19  bank approved by the OUST.

20  c.    Delivery of Distributions in General

21  Distributions to Holders of Allowed Claims shall be made by the Reorganized

22  Debtor (a) at the addresses set forth on the Proof of Claim filed by such Holders, (b) at the

23  addresses reflected in the Schedules if no Proof of Claim has been filed and the

24  Reorganized Debtor has not received a written notice of a change of address, or (c) in the

25  case of a Holder of a Claim that is governed by an agreement and is administered by an

26  agent or servicer, at the address (i) set forth on any Proof of Claim filed by the agent or

27  servicer, (ii) in the Schedules for the agent or servicer if no Proof of Claim has been filed,

28  or (iii) contained in the official records of such agent or servicer.  Holders of Claims may

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

1  change the address to which Distributions will be sent by filing a written change of

2  address with the Court and serving a copy of the change of address on the Reorganized

3  Debtor.

4       If a Distribution to any Holder of an Allowed Claim is returned to the Reorganized

5  Debtor as undeliverable or otherwise unclaimed ("Undeliverable Distribution"), the

6  Reorganized Debtor shall make no further Distributions to such Holder unless and until

7  the Reorganized Debtor is notified in writing of such Holder's then-current address, at

8  which time all Undeliverable Distributions shall be made to such Holder without interest.

9  All Undeliverable Distributions shall be returned to the Reorganized Debtor until such

10  Undeliverable Distributions are claimed.  The Reorganized Debtor shall, in the case of

11  Cash, hold Undeliverable Distributions in a segregated interest-bearing account for

12  Undeliverable Distributions until such Undeliverable Distributions become deliverable, is

13  claimed or is forfeited.  Nothing contained in the Plan shall require the Debtor, or anyone

14  else, to attempt to locate the intended recipient of an Undeliverable Distribution.

15       Any Holder of an Allowed Claim that does not present itself within six (6) months of

16  the Distribution Date upon which the Undeliverable Distribution was made shall be

17  deemed to have forfeited its right or Claim to or interest in the Undeliverable Distribution

18  and shall be forever barred and enjoined from asserting any Claim for the Undeliverable

19  Distribution against the Debtor and his Estate, the Reorganized Debtor, and their

20  respective agents, attorneys, representatives, employees or independent contractors,

21  and/or any of their property.  In such cases, the Undeliverable Distribution and accrued

22  interest thereon shall become property of the Reorganized Debtor free and clear of any

23  restrictions thereon and notwithstanding any federal or state escheat laws to the contrary

24  and shall be distributed in accordance with the terms of the Plan.

25               d.    Rounding Payments

26       The Reorganized Debtor shall not be required to make Distributions or payments of

27  fractions of dollars.  Whenever any payment of a fraction of a dollar under this Plan would

28

                SECOND AMENDED CHAPTER 11
                PLAN OF REORGANIZATION

*Lobel Weiland Golden Friedman LLP*
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1 otherwise be called for, the actual payment shall reflect a rounding of such fraction to the

2 nearest whole dollar (up or down), with half dollars being rounded down.

3                e.     <u>Interest on Claims</u>

4       Unless otherwise specifically provided for in the Plan, or provided by applicable

5 law, post-petition interest shall not accrue or be paid on any Claims, and no Holder of a

6 Claim shall be entitled to interest accruing on or after the Petition Date on any Claim.

7                f.     <u>Compliance with Tax Requirements</u>

8       In connection with the Plan, and all Distributions under this Plan, the Reorganized

9 Debtor shall, to the extent applicable, comply with all tax withholding, payment and

10 reporting requirements imposed by federal, state, or local taxing authorities. The

11 Reorganized Debtor shall be authorized to take any and all actions that may be necessary

12 or appropriate to comply with such withholding, payment, and reporting requirements. All

13 amounts properly withheld from Distributions to a Holder of a Claim as required by

14 applicable law and paid over to the applicable taxing authority for the account of such

15 Holder shall be treated as part of the Distributions to such Holder. All persons Holding

16 Claims shall be required to provide any information necessary to effect information

17 reporting and withholding of such taxes. If such information has not been received by the

18 Reorganized Debtor, then the Reorganized Debtor may, at his option, withhold the

19 amount required and distribute the balance to such Holder or decline to make the

20 Distribution until the information is received.

21       Notwithstanding any other provision of the Plan, (a) each Holder of an Allowed

22 Claim that is to receive a Distribution pursuant to this Plan shall have sole and exclusive

23 responsibility for the satisfaction and payment of any tax obligations imposed by any

24 governmental unit, including income, withholding, and other tax obligations, on account of

25 such Distribution, and (b) no Distribution shall be made to or on behalf of such Holder

26 pursuant to the Plan unless and until such Holder has made arrangements satisfactory to

27 the Reorganized Debtor for the payment and satisfaction of such withholding tax

28 obligations or such tax obligation that would be imposed upon the Debtor in connection

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

        SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

1  with such Distribution.  Any property to be distributed pursuant to the Plan shall, pending

2  implementation of such arrangements, be treated as an Undeliverable Distribution

3  pursuant to Section II.D.3.c above.

4                    g.    De Minimis Distributions

5         The Reorganized Debtor shall not have any obligations to make a Distribution on

6  account of an Allowed Claim if the amount to be distributed to the specific Holder of the

7  Allowed Claim on a Distribution Date is for an amount of $5.00 or less, and may, at the

8  Reorganized Debtor's option, either add the Distribution to the next Distribution if the

9  collective amount would be greater than $5.00 or treat the Distribution as an

10  Undeliverable Distribution.

11                    h.    Setoffs

12        Except as otherwise stated in the Plan, the Debtor may, pursuant to 11 U.S.C.

13  § 553 or applicable non-bankruptcy law, but shall not be required to, set off against any

14  Allowed Claim and the Distribution to be made pursuant to the Plan on account of such

15  Allowed Claim any account stated, Claim, right, or Cause of Action which the Debtor or

16  the Estate possesses against the Holder of such Allowed Claim; provided, however, that

17  neither the failure to effect such a setoff nor the allowance of any Claim shall constitute a

18  waiver or release by the Debtor of any such account, Claim, right, and Cause of Action

19  that the Debtor or the Estate may possess against the Holder of such Allowed Claim.

20                    i.    Limitation on Liability

21        The Reorganized Debtor, and any of his respective agents or Professionals, shall

22  not be liable for (i) any acts or omissions, except for willful misconduct, in connection with

23  implementing the Distribution provision of the Plan and the making or withholding of

24  Distributions under the Plan, or (ii) any change in the value of Distributions made under

25  the Plan resulting from any delays in making such Distributions in accordance with the

26  terms of the Plan (including, but not limited to, any delays caused by the resolution of

27  Disputed Claims).

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

**E.    Other Provisions of the Plan**

**1.    Claim Objections and Disputed Claims**

THE BAR DATE FOR FILING A PROOF OF CLAIM IN THIS CASE BY CLAIMANTS WHOSE CLAIMS WERE NOT SCHEDULED OR WERE SCHEDULED AS UNKNOWN, DISPUTED, CONTINGENT OR UNLIQUIDATED IS JUNE 26, 2017 (AS TO CREDITORS OTHER THAN GOVERNMENTAL UNITS) AND OCTOBER 6, 2017 (AS TO GOVERNMENTAL UNITS).

a.    Standing and Claim Objection Deadline

The Reorganized Debtor or any other party in interest shall have up until 180 days after the Effective Date to file objections to Claims.  The Reorganized Debtor or any other party in interest may obtain an extension of this date by filing a motion in the Court, based upon a showing of "cause."

b.    No Distribution Pending Allowance

Notwithstanding any other provision of the Plan, no payments or Distributions shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined by Final Order, and the Disputed Claim, or some portion thereof, has become an Allowed Claim; provided, however, that if the only dispute regarding a Disputed Claim is to the amount of the Disputed Claim, the Holder of a Disputed Claim shall be entitled to a Distribution on account of that portion of the Disputed Claim which the Debtor does not dispute at the time and in the manner that the Debtor makes Distributions to the Holders of Allowed Claims pursuant to the provisions of the Plan.

A Disputed Claim is a Claim that has not been allowed or disallowed and to which either: (i) a Proof of Claim has been Filed or deemed Filed and the Debtor or another party in interest has Filed an objection; (ii) no Proof of Claim has been Filed and the Claim was not scheduled or the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

1  The Debtor will have the power and authority to settle and compromise a Disputed

2  Claim with Court approval and compliance with Bankruptcy Rule 9019 unless the amount

3  allowed by the compromise does not exceed $5,000, in which case no Court approval is

4  necessary.

### c.  Reserves for Disputed Claims

6  In the event that Disputed Claims are pending at the time of a Distribution under

7  the Plan, the Debtor shall establish and maintain a reserve for such Disputed Claims.

8  With respect to the Disputed Claims of Tarnutzer and Fern, no reserve(s) shall be

9  established; rather, such Disputed Claims shall be resolved by way of the appellate

10  process in connection with the Tarnutzer Litigation and in connection with the Fern

11  Litigation, respectively.  To the extent Tarnutzer is determined by Final Order to hold an

12  Allowed Claim, such Allowed Claim shall be satisfied in full, first, from the Interpled DV

13  Sales Proceeds and then, to the extent necessary, from the proceeds from a Sale and/or

14  Refinance of some or all of the Debtor's Real Property, as provided by the Plan.  To the

15  extent Fern is determined by Final Order to hold an Allowed Claim, such Allowed Claim

16  shall be satisfied in full from the proceeds from a Sale and/or Refinance of some or all of

17  the Debtor's Real Property, as provided by the Plan.

### 2.  Executory Contracts and Unexpired Leases

### a.  Assumption and Assignment

20  On the Effective Date, the executory contracts and unexpired leases identified on

21  the Schedule of Assumed and Assigned Agreements attached or filed, or to be attached

22  or filed as Exhibit "1" to the Plan shall be deemed assumed.  The Debtor intends to file the

23  Schedule of Assumed and Assigned Agreements with the Court no later than twenty-eight

24  (28) days prior to the Confirmation Hearing.  The Schedule of Assumed and Assigned

25  Agreements also identifies or will identify any amounts that must be paid to cure defaults

26  under the executory contracts and unexpired leases to be assumed and assigned under

27  the Plan (the "Cure Amount").  If filed earlier, the Debtor reserves the right to amend the

28  Schedule of Assumed Agreements up to twenty-eight (28) days prior to the Confirmation

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

1  Hearing to: (a) add any executory contract or unexpired lease and provide for its

2  assumption and assignment; or (b) modify the Cure Amount for any particular executory

3  contract or unexpired lease.  The Debtor further reserves the right to amend the Schedule

4  of Assumed Agreements to delete any executory contract or unexpired lease and provide

5  for its rejection at any time prior to the Confirmation Hearing.  The Debtor will provide

6  notice of any amendment to the Schedule of Assumed and Assigned Agreements to any

7  party or parties to the executory contracts or unexpired leases affected by the

8  amendment.  Absent a timely objection as provided below, the Confirmation Order will

9  constitute a Court order approving the assumption and assignment, on the Effective Date,

10  of the executory contracts and unexpired leases then identified on the Schedule of

11  Assumed and Assigned Agreements, and shall constitute a final determination of the Cure

12  Amount and that the Debtor has shown adequate assurance of future performance.

13  Furthermore, any Cure Amount ordered by the Court, through entry of the Confirmation

14  Order, and paid shall be deemed to satisfy any and all defaults arising from, out of or

15  related to the executory contract or unexpired lease, including any tort claims that were or

16  could be asserted by the non-debtor party to the contract or lease on or prior to the entry

17  of the Confirmation Order, and all actual or pecuniary losses that have resulted from such

18  defaults.

19          If you are a party to an executory contract or unexpired lease to be assumed and

20  assigned and you object to the assumption and assignment of your lease or contract

21  and/or you dispute the Cure Amount related to your lease or contract, then you must File

22  and serve upon counsel for the Debtor (Lobel Weiland Golden Friedman LLP, attn: Beth

23  E. Gaschen, 650 Town Center Drive, Suite 950, Costa Mesa, California 92626) a written

24  objection by fourteen (14) days prior to the Confirmation Hearing.  An objection to the

25  Cure Amount must also set forth the amount you contend to be the correct Cure Amount

26  and contain evidence to support such amount.  Failure to timely File an objection as

27  provided herein shall be deemed consent to the proposed assumption and assignment

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 • Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

1  and to the Cure Amount and a waiver of any and all rights to challenge such assumption

2  and assignment and the Cure Amount.

3         With respect to each executory contract and unexpired lease identified on the

4  Schedule of Assumed and Assigned Agreements, if no dispute arises regarding the Cure

5  Amount, adequate assurances, or some other matter related to the assumption of the

6  executory contract or unexpired lease, then the Cure Amount set forth in the Schedule of

7  Assumed and Assigned Agreements shall be paid to the applicable non-debtor party in

8  Cash on the Effective Date or as soon as reasonably practicable thereafter.  If a dispute

9  arises regarding (a) whether the Debtor has provided adequate assurance of future

10 performance of an executory contract or unexpired lease to be assumed, or (b) any other

11 matter pertaining to a proposed assumption and assignment, the Cure Amount will be

12 paid on the later of (1) the Effective Date or as soon as practicable thereafter, or (2) within

13 thirty (30) days after entry of a Final Order resolving the dispute and approving the

14 assumption and assignment; provided, however, if a dispute arises regarding any of the

15 foregoing, the Debtor reserves the right to completely forego assumption and assignment

16 of and, instead, reject the subject executory contract or unexpired lease.

17        If a party to an executory contract or unexpired lease identified on the Schedule of

18 Assumed and Assigned Agreements Files an objection disputing the Cure Amount, then

19 the Debtor may amend the Schedule of Assumed and Assigned Agreements at any time

20 prior to the Confirmation Hearing to delete the subject executory contract or unexpired

21 lease and provide for its rejection.  Executory contracts or unexpired leases not so deleted

22 shall be conditionally assumed, subject to the Debtor's right to file a Motion to determine

23 the appropriate Cure Amount up to the first (1st) Business Day that is at least sixty (60)

24 days following the Effective Date.  The Debtor will serve any such Motion on the party to

25 the executory contract or unexpired lease affected by the Motion (or its attorney, if any).  If

26 the Debtor does not file a Motion to determine the appropriate Cure Amount, then the

27 executory contract or unexpired lease shall be assumed and assigned, as of the Effective

28 Date, and the Cure Amount shall be the alternative Cure Amount asserted by the non-

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1   debtor party to the subject executory contract or unexpired lease in its objection to the

2   Plan.  The Cure Amount shall be paid as soon as reasonably practicable following the

3   expiration of the 60-day deadline.

4        If the Debtor files a Motion to determine the appropriate Cure Amount, then the

5   Reorganized Debtor shall have the right to amend the Schedule of Assumed and

6   Assigned Agreements to completely forego assumption and assignment of and, instead,

7   reject the subject executory contract or unexpired lease up to the first (1st) Business Day

8   that is at least fifteen (15) days after the entry of an order fixing the Cure Amount.  The

9   Debtor will provide notice of any amendment to the Schedule of Assumed and Assigned

10  Agreements to the party to the executory contract or unexpired lease affected by the

11  amendment.  If the Debtor has filed such a Motion and does not timely amend the

12  Schedule of Assumed and Assigned Agreements within fifteen (15) days after entry of an

13  order fixing the Cure Amount, then the executory contract or unexpired lease shall be

14  assumed and assigned, as of the Effective Date, and the Cure Amount shall be fixed as

15  the Cure Amount ordered by the Court.  The Cure Amount shall be paid as soon as

16  reasonably practicable following the expiration of the 15-day deadline.  Any executory

17  contracts and unexpired leases assumed by the Debtor shall vest in the Reorganized

18  Debtor as of the Effective Date.

19              b.    Rejections

20       Any executory contracts and/or unexpired leases to be rejected pursuant to the

21  provisions of sections 365 and 1123 of the Code may be the subject of a motion filed by

22  the Debtor prior to the Effective Date of the Plan.  A Proof of Claim arising from the

23  rejection of an executory contract or unexpired lease pursuant to such motion must be

24  filed no later than 30 days after entry of the Order authorizing the rejection.  The Debtor is

25  conclusively deemed to have rejected all executory contracts and unexpired leases not

26  previously assumed or rejected as of the Effective Date.  A Proof of Claim arising from the

27  deemed rejection of an executory contract or unexpired lease must be filed no later than

28  30 days after entry of the Confirmation Order.  Claims arising from the rejection of an

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  executory contract or unexpired lease under this section are General Unsecured Claims in

2  Class 20, except to the extent the Court orders otherwise.  Any such rejection damage

3  Claims that are not timely Filed and served will be forever barred and unenforceable

4  against the Debtor, the Estate, the Reorganized Debtor, and their respective property.

5  Persons holding these Claims who fail to timely file Claims will be barred from receiving

6  any Distributions under the Plan on account of their requested rejection damage Claims.

7          **3.      Changes in Rates Subject to Regulatory Commission Approval**

8          The Debtor is an individual not subject to governmental regulatory commission

9  approval of any rates.

10         **4.      Preservation of Causes of Action and Avoidance Actions**

11         The Debtor reserves for the Estate and the Reorganized Debtor all rights to

12  commence and pursue, as appropriate, any and all Causes of Action and Avoidance

13  Actions, whether arising prior to or after the Petition Date, in any court or other tribunal,

14  including without limitation, in an adversary proceeding Filed in the Court, except for as

15  otherwise provided in the Plan.  On the Effective Date, the Reorganized Debtor will be

16  vested with authority to enforce, file, litigate, prosecute, settle and collect with respect to

17  Causes of Action and Avoidance Actions, although he will not be required to do so and the

18  determination of whether to do so will be made solely by the Reorganized Debtor in his

19  absolute discretion.

20         Unless a Cause of Action or Avoidance Action against any Person is expressly

21  waived, relinquished, released, compromised or settled as provided or identified in the

22  Plan, any Confirmation Order or prior order of the Court, the Debtor expressly reserves

23  any Causes of Action and Avoidance Action for later adjudication.  Therefore, no

24  preclusion doctrine, including, without limitation, the doctrine of *res judicata*, collateral

25  estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise) or

26  laches shall apply to such Causes of Action or Avoidance Actions upon or after

27  Confirmation or consummation of the Plan.  All Avoidance Actions and other Causes of

28  Action are preserved under the Plan for the benefit of the Estate, except as otherwise

1  provided for in the Plan.  Any recoveries from Avoidance Actions and/or other Causes of

2  Action will be paid to the Reorganized Debtor.

3      ANY CREDITORS THAT BELIEVE THEY RECEIVED A TRANSFER OR SETOFF

4  THAT IS AVOIDABLE UNDER THE CODE OR THAT HOLD A CLAIM AGAINST THE

5  ESTATE THAT COULD BE SUBJECT TO AN OBJECTION BASED UPON FAILURE TO

6  RETURN AN AVOIDABLE TRANSFER OR SETOFF, ARE DIRECTED TO REVIEW

7  THEIR RECORDS AND/OR THE DEBTOR'S SCHEDULES FOR FURTHER

8  INFORMATION, HOWEVER, ALL RIGHTS OF THE DEBTOR AND THE ESTATE ARE

9  RESERVED WITH RESPECT TO ANY AND ALL TRANSFERS OR SETOFF WHICH

10  MAY BE AVOIDABLE UNDER THE BANKRUPTCY CODE.

11      All professional fees incurred in pursuing the Avoidance Actions or other Causes of

12  Action shall be paid by the Reorganized Debtor without the necessity of a Court order.

13  However, the Bankruptcy Court will reserve exclusive jurisdiction to decide any and all

14  disputes regarding the payment of the fees and costs related to post-confirmation

15  professional fees, upon request of a party-in-interest and after notice and a hearing.

16      **5.      Retention of Jurisdiction**

17      The Court will retain exclusive jurisdiction during the Plan payout period to resolve

18  disputes and conflicts arising from the administration of the Plan, upon request of a party-

19  in-interest and after notice and a hearing, including, without limitation:

20      1.      The adjudication of the validity, scope, classification, allowance, and

21          disallowance of any Claim;

22      2.      The estimation of any Claim;

23      3.      The allowance or disallowance of Professional Fee Claims, compensation,

24          or other Administrative Claims;

25      4.      To hear and determine Claims concerning taxes pursuant to Bankruptcy

26          Code §§ 346, 505, 525, and 1146;

27      5.      To hear and determine any action or proceeding brought under Bankruptcy

28          Code §§ 108, 510, 543, 544, 545, 547, 548, 549, 550, 551, and 553;

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

34

6.      To hear and determine all actions and proceedings which relate to pre-confirmation matters;

7.      To hear and determine any issue relating to the assumption or rejection of executory contracts and unexpired leases;

8.      To hear and determine any modification to the Plan in accordance with the Bankruptcy Rules and the Bankruptcy Code;

9.      To enforce and interpret the terms of the Plan;

10.     To correct any defects, cure any omissions, or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purpose and intent of the Plan;

11.     The entry of any order, including injunctions, necessary to enforce title, rights and powers of the Debtor or Reorganized Debtor, and to impose such limitations, restrictions, terms and conditions on such title, rights and powers as the Court may deem necessary including, without limitation, any right of the Debtor or Reorganized Debtor to recover and liquidate assets;

12.     To determine the validity, extent and priority of all liens and security interests against property of the Estate or the Reorganized Debtor;

13.     To hear and resolve any disputes in connection with any Sale and/or Refinancing of the Real Property, including any extension of the 120-day deadline and the appointment of the Liquidating Agent;

14.     To hear and resolve any disputes regarding employment applications and professional fees;

15.     To hear and determine such matters and make such orders as are consistent with the Plan as may be necessary to carry out the provisions thereof and to adjudicate any disputes arising under or relating to any order entered by the Court in this Case;

16.     The entry of an order concluding and terminating this Case; and

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

17. To resolve any disputes as to whether there has been a default under the Plan.

**F.    Tax Consequences of the Plan**

CREDITORS CONCERNED WITH HOW THE PLAN MAY AFFECT THEIR TAX LIABILITY SHOULD CONSULT WITH THEIR OWN ACCOUNTANTS, ATTORNEYS, AND/OR ADVISORS.  The following disclosure of possible tax consequences is intended solely for the purpose of alerting readers about possible tax issues the Plan may present to the Debtor and the Reorganized Debtor.  The Debtor and his professionals CANNOT and DO NOT represent that the tax consequences contained below are the only tax consequences of the Plan because the Tax Code embodies many complicated rules which make it difficult to state completely and accurately all of the tax implications of any action.

Due to the unsettled and complex nature of some of the tax issues, as well as the possibility that developments subsequent to the date hereof could affect the tax consequences of the Plan, the following discussion should not be regarded as definitive or as covering all possible tax consequences.  Additionally, this summary does not discuss all aspects of federal income taxation that may be relevant to a particular creditor in light of its individual circumstances or to certain creditors subject to special treatment under the federal income tax law (for example, life insurance companies, tax-exempt organizations, foreign corporations and individuals who are not citizens or residents of the United States).

As stated above, creditors concerned with how the Plan will affect their own tax liability should consult with their own accountants, attorneys, and/or advisors.  The Debtor is still in the process of determining the tax consequences of the Plan, but does not believe that there will be a material taxable event upon any Sale of the Real Property.  However, the Debtor does not expect adverse consequences materially affecting the distributions to the Holders of Allowed Claims under the Plan.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

36

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

1    In connection with the hearing on confirmation of the Plan, and in order to

2  demonstrate feasibility thereof, the Debtor will have provided information regarding the

3  potential tax implications of the Plan.

4    **G.    Exemption from Transfer Taxes**

5    Pursuant to Bankruptcy Code § 1146(a), any transfers from the Debtor to the

6  Reorganized Debtor or to any other Person pursuant to the Plan in the United States shall

7  not be subject to any stamp, real estate transfer, personal property, recording or other

8  similar tax, and the Confirmation Order shall direct the appropriate state or local

9  governmental official or agents to forgo the collection of any such tax or governmental

10  assessment and to accept for filing and recordation any of the foregoing instruments or

11  other documents without payment of any such tax or governmental assessment.

12

13  **III.    EFFECT OF CONFIRMATION**

14    **A.    Discharge**

15    The rights under the Plan and the treatment of Claims under the Plan will be in

16  exchange for, and in complete satisfaction, discharge, and release of, all Claims of any

17  nature whatsoever (including, without limitation, any interest accrued on Claims from and

18  after the Petition Date) against the Debtor, the Reorganized Debtor, or their property.

19  Except as otherwise provided in the Plan or the Confirmation Order, and to the extent

20  provided in further Court order pursuant to Bankruptcy Code § 1141(d)(5):

21    1.    To the fullest extent permitted by Bankruptcy Code § 1141, the Debtor, the

22        Debtor's Estate, the Reorganized Debtor, and their property will  be deemed

23        discharged and released from any and all Claims, including, without

24        limitation, all demands, liabilities, Claims, that arose before the Confirmation

25        Date or that are based upon or otherwise relate to acts, events, omissions,

26        transactions or other activities of any kind that occurred before the

27        Confirmation Date, and all debts of the kind specified in Bankruptcy Code

28        §§ 502(g), 502(h), or 502(l) regardless of whether: (1) a Proof of Claim

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

based on such a debt is Filed or deemed Filed; (2) a Claim based on such a

debt is allowable under Bankruptcy Code § 502; or (3) the Person Holding

the Claim based on such a debt has accepted the Plan;

2.    All Persons will be precluded from asserting against the Debtor, the Estate,

the Reorganized Debtor, or their property any other or further Claims based

on, arising from, or in connection with any act, event, omission, transaction,

or other activity of any kind that occurred before the Confirmation Date;

3.    Any debt of the Debtor, whether secured or unsecured, which was in default

as of or at any time prior to the Confirmation Date, will no longer be deemed

in default.  Moreover, to the extent that the Debtor complies with the terms

and conditions of the Plan, these obligations will be deemed in good

standing; and

4.    Subject to the limitations and conditions imposed under Bankruptcy Code

§ 1125(e), Persons who - in good faith and in compliance with applicable

Bankruptcy Code provisions - solicit Plan acceptances or rejections will not

be liable on account of their solicitation for violation of any applicable law,

rule, or regulation governing the solicitation of Plan acceptances or

rejections.

## B.    <u>Exculpation and Releases</u>

Effective upon the entry of the Confirmation Order, neither the Debtor, the

Reorganized Debtor, the Professionals, nor any of their respective members, officers,

directors, shareholders, employees, or agents, shall have or incur any liability to any

Persons, including any creditor of the Debtor for any act taken or omission made in

connection with or related to the negotiation, formulation, or preparation of the Plan and

the Disclosure Statement, the approval of the Disclosure Statement, the confirmation of

the Plan, the consummation of the Plan, or the administration of the Plan, the Case, or the

property to be distributed under the Plan, to the fullest extent permitted by applicable

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 • Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

1  statutes and case law, except that the Reorganized Debtor will be liable for performance

2  and obligations assumed by his or imposed upon him under or by the Plan.

3      **C.    Vesting of Property**

4      On the Effective Date, all property of the Estate will vest in the Reorganized Debtor

5  pursuant to § 1141(b), free and clear of all claims and interests except as provided in the

6  Plan.

7      **D.    Plan Creates New Obligations**

8      Except as otherwise stated in the Plan, the payments promised in the Plan

9  constitute new contractual obligations that replace those obligations to creditors that

10  existed prior to the Effective Date.

11      **E.    Creditor Action Restrained**

12      Creditors may not take any action to enforce either preconfirmation obligations or

13  obligations due under the Plan, so long as the Debtor is not in material default under the

14  Plan.  If the Debtor is in material default under the Plan, affected creditors may: (i) take

15  any action permitted under nonbankruptcy law to enforce the terms of the Plan; or (ii)

16  move to dismiss this case or to convert this case to a chapter 7 bankruptcy case.

17      **F.    Material Default Defined**

18      If the Debtor fails to make any payment required under the Plan, or to perform any

19  other obligation required under the Plan for more than fourteen (14) days after the time

20  specified in the Plan, the affected creditor may serve upon the Debtor and the Debtor's

21  attorney a written notice of default.  The Debtor is in material default under the Plan if the

22  Debtor fails within twenty-one (21) days of the service of such notice of default, plus three

23  (3) additional days if served by mail, either: (i) to cure the default or (ii) to obtain from the

24  Court an extension of time to cure the default or a determination that no default occurred.

25      **G.    Modification of the Plan**

26      The Debtor may modify the Plan at any time before confirmation subject to

27  Bankruptcy Code § 1127(a).  If the Plan is modified, however, the Court may require a

28  new disclosure statement or re-voting on the Plan depending upon the nature of the

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

1  modifications and their effect on parties in interest.  The Reorganized Debtor may also

2  seek to modify the Plan at any time after confirmation subject to Bankruptcy Code

3  § 1127(b), if: (a) the Plan has not been substantially consummated; and (b) the Court,

4  after notice and a hearing, authorizes the proposed modification.

5  **H.    Post-Confirmation Status Report**

6  Within 120 days of the entry of the Confirmation Order, the Reorganized Debtor

7  shall file a status report with the Court explaining what progress has been made towards

8  consummation of the confirmed Plan.  The status report shall be served on the OUST and

9  the parties who have requested special notice.  Further status reports shall be filed every

10 120 days and served on the same entities.

11 **I.    Quarterly Fees**

12 Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) prior to confirmation shall be

13 paid to the OUST on or before the Effective Date.  Quarterly fees accruing under 28

14 U.S.C. § 1930(a)(6) after confirmation shall be paid to the OUST by the Reorganized

15 Debtor until a final decree, or the entry of an order dismissing the case or converting the

16 case to chapter 7, at the rate in effect at the time such fees are due.

17 **J.    Post-Confirmation Conversion/Dismissal**

18 After the Plan is confirmed, the Court, upon a motion by a creditor or party in

19 interest and after notice and a hearing, may convert this case to one under chapter 7 of

20 the Bankruptcy Code or dismiss this case under Bankruptcy Code § 1112(b) upon a

21 showing of cause therefore, including, without limitation, if there is a material default by

22 the Reorganized Debtor with respect to the confirmed Plan.  If the Court orders the case

23 converted to chapter 7 after the Plan is confirmed, then all property that had been property

24 of the Estate and that has not been distributed under the Plan will revest in the chapter 7

25 estate.  The automatic stay provisions of § 362(a) of the Bankruptcy Code will be

26 reimposed upon the revested property only to the extent that relief from stay was not

27 previously authorized by the Court during the case.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

The Confirmation Order may also be revoked under very limited circumstances. Pursuant to § 1144 of the Bankruptcy Code, the Court may revoke the Confirmation Order if it was procured by fraud and if a party in interest brings an adversary proceeding to revoke the confirmation within 180 days after the entry of the Confirmation Order.

### K.    Final Decree

Pursuant to Bankruptcy Rule 3022, a Final Decree may be not be entered until a bankruptcy case is fully administered.  The Court may, however, allow a Final Decree to be entered at an earlier date if requested, or for cause shown.

### IV.    GENERAL PROVISIONS

### A.    Definitions and Rules of Construction

The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined and construed in the Bankruptcy Code are used in the Plan.

### B.    Cramdown

The Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more Classes of creditors, pursuant to § 1129(b).

### C.    Binding Effect

The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

### D.    Captions

The headings contained in this Plan are for convenience or reference only and do not affect the meaning or interpretation of the Plan.

///

///

///

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 • Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

1    **E.    Controlling Effect**

2    Unless a rule of law or procedure is supplied by federal law (including the

3    Bankruptcy Code or Bankruptcy Rule), the laws of the State of California govern the Plan

4    and any agreements, documents, and instruments executed in connection with the Plan,

5    except as otherwise provided in this Plan.

6                                                                  Respectfully submitted,

7    Dated:  September 8, 2017                    LOBEL WEILAND GOLDEN FRIEDMAN LLP

8

9                                                       By:   */s/ Alan J. Friedman*
                                                                  JEFFREY I. GOLDEN
10                                                                ALAN J. FRIEDMAN
                                                                  BETH E. GASCHEN
11                                                                Attorneys for David Tudor Chamberlain,
                                                                  Debtor and Debtor-in-Possession

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## **TABLE OF DEFINITIONS**

**"8479 Cedarview Court Property"** means the real property located at 8479 Cedarview Court, Cypress, California 90630, as more fully described in Section II.A.14 of the Disclosure Statement.

**"8475 Cedarview Court Property"** means the real property located at 8475 Cedarview Court, Cypress, California 90630, as more fully described in Section II.A.15 of the Disclosure Statement.

**"Administrative Claim"** means a Claim against the Debtor for administrative costs or expenses that are allowable under Bankruptcy Code § 503(b).

**"Administrative Tax Claim"** means an Administrative Claim or other Claim that is not an Allowed Secured Claim that a government unit asserts against the Debtor for taxes (or for related interest or penalties) for any tax period that, either in whole or in part, falls within the period beginning on the Petition Date and ending on the Effective Date.

**"Allowed Claim"** means a Claim against the Debtor, other than an Administrative Claim, to the extent that:

a.    Either: (i) a Proof of Claim was Filed by the Bar Date; or (ii) a Proof of Claim is deemed timely Filed either under Bankruptcy Rule 3003(b)(1) or by a Final Order; and

b.    Either: (i) the Claim is not a Disputed Claim; (ii) the Claim is allowed by a Final Order; or (iii) the Claim is allowed under the Plan.

**"Allowed [Class Designation and/or Secured, Priority, or General Unsecured] Claim"** means an Allowed Claim in the specified Class and/or of the specified type.

**"Amended Schedules I and J"** means the Debtor's amended Schedules I and J filed with the Court on June 5, 2017 [Docket No. 98].

**"Appeal"** means the Debtor's appeal of the Tarnutzer Judgment, as discussed in Section II.E.2. of the Disclosure Statement.

**"Appellate Court"** means the appellate court entering a Final Order with respect to the Appeal in connection with the Fern Litigation.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-866-1000 · Fax 714-866-1002

1  **"Assets"** means all tangible and intangible assets and property of every kind and

2  nature of the Debtor and/or his Estate, and all proceeds thereof, existing as of the

3  Effective Date.

4  **"Avoidance Action"** means Causes of Action arising under 11 U.S.C. §§ 510,

5  541, 542, 544, 547, 548, 549, 550, 551, and/or 553, or under related state or federal

6  statutes and common law, including, without limitation, fraudulent transfer laws, whether

7  or not litigation is commenced to prosecute such Causes of Action.

8  **"Bankruptcy Code" or "Code"** means Title 11 of the United States Code, as

9  amended.

10  **"Bankruptcy Rules"** means the Federal Rules of Bankruptcy Procedure.

11  **"Bar Date"** means the last date for filing Proofs of Claim in the Debtor's Case.  The

12  Bar Date has been established as June 26, 2017 (as to creditors other than governmental

13  units) and October 6, 2017 (as to governmental units).

14  **"Bar Date Notice"** means the notice of the Bar Date served on creditors of the

15  Estate on May 22, 2017.

16  **"Bishop Street Property"** means the real property located at 5532 Bishop Street,

17  Cypress, California 90630, as more fully described in Section II.A.11 of the Disclosure

18  Statement.

19  **"Business Day"** means any day, other than a Saturday, a Sunday or a "legal

20  holiday" as defined in Rule 9006(a) of the Bankruptcy Rules.

21  **"Case"** means the Debtor's case under chapter 11 of the Bankruptcy Code that is

22  pending before the United States Bankruptcy Court for the Central District of California,

23  Santa Ana Division, as Case No. 8:15-bk-11370-CB.

24  **"Cash"** means legal tender of the United States of America.

25  **"Cash Collateral Motions"** has the meaning ascribed to such term in Section

26  II.E.1.b. of the Disclosure Statement.

27

28

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

**"Cause of Action"** means, without limitation, any and all actions, causes of action, controversies, liabilities, obligations, rights, suits, damages, judgments, Claims (as defined in Code § 101(5)) and demands whatsoever, whether known or unknown, reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured, assertable directly or derivatively, existing or hereafter arising, in law, equity, or otherwise that the Debtor and/or the Estate may hold against any Person as of the Effective Date, including, without limitation, the Tarnutzer Litigation and the Appeal.

**"CFTB"** means the California Franchise Tax Board.

**"Claim"** means a claim, as the term "claim" is defined in Bankruptcy Code § 101(5), against the Debtor.

**"Class"** or **"Class of Claims"** means a group of Claims as classified in the Plan.

**"Comstock Avenue Property"** means the real property located at 7632 Comstock Avenue, Whittier, California 90602, as more fully described in Section II.A.3 of the Disclosure Statement.

**"Confirmation Date"** means the date on which the Court enters the Confirmation Order on its docket.

**"Confirmation Hearing"** means the hearing held by the Court on the confirmation of the Plan.

**"Confirmation Order"** means the Court order confirming the Plan under Bankruptcy Code § 1129.

**"Court"** means the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

**"Debtor"** refers to David Tudor Chamberlain.

**"Debtor's Commissions"** means the monthly gross wages and commissions earned by the Debtor as discussed in Section II.C. of the Disclosure Statement and as reflected on Exhibit "1" to the Disclosure Statement.

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  **"Debtor's Income"** means, collectively, the Debtor's Commissions, the OCTSC

2  Income and the Net Real Property Income as discussed in Section II.C. of the Disclosure

3  Statement and as reflected on Exhibit "1" to the Disclosure Statement.

4  **"Del Amo Blvd. Property"** means the real property located at 12350 Del Amo

5  Blvd., Suite 169, Lakewood, California 90713, as more fully described in Section II.A.9 of

6  the Disclosure Statement.

7  **"Denni Street Property"** means the real property located at 9062-9062.5 Denni

8  Street, Cypress, California 90630, as more fully described in Section II.A.10 of the

9  Disclosure Statement.

10  **"Disclosure Statement"** means the Debtor's Second Amended Disclosure

11  Statement Describing Second Amended Chapter 11 Plan of Reorganization, including any

12  modifications or amendments to the Disclosure Statement.

13  **"Disputed Claim"** means a Claim that has not been allowed or disallowed and to

14  which either: (i) a Proof of Claim has been Filed or deemed Filed and the Debtor or

15  another party in interest has Filed an objection; (ii) no Proof of Claim has been Filed and

16  the Claim was not scheduled or the Debtor has scheduled such claim as disputed,

17  contingent, unliquidated or unknown.

18  **"Distribution"** means any distribution pursuant to the Plan to the Holders of an

19  Allowed Claim.

20  **"Distribution Date"** means the date upon which the Distribution was made.

21  **"Domingo Villas"** means Domingo Villas, Inc.

22  **"DV Bankruptcy Case"** means that chapter 11 bankruptcy case filed by Domingo

23  Villas on September 1, 2011 in the United States Bankruptcy Court for the Central District

24  of California, Case No. 8:11-bk-22391-CB, which bankruptcy case was closed in June

25  2012.

26  **"DV Property"** means the real property previously owned by Domingo Villas, and

27  sold in the DV Bankruptcy Case.

28

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

1    **"DV Sale Proceeds"** means the proceeds from the sale of the DV Property in the

2    DV Bankruptcy Case.

3    **"Effective Date"** means the first Business Date that is at least 15 days after the

4    entry of the Confirmation Order.

5    **"Effective Date Payments"** means Distributions or payments required by the Plan

6    to be made by the Debtor on the Effective Date.

7    **"Estate"** means the bankruptcy estate created in the Debtor's case under

8    Bankruptcy Code § 541.

9    **"Fern"** means, collectively, Martin D. Fern and Linda Taylor-Fern, individually and

10   as Trustees of the Fern-Taylor Family Trust.

11   **"Fern State Court Action"** means that action commenced by the Debtor against

12   Fern and First Realm on December 22, 2015, in the Orange County Superior Court,

13   entitled <u>Chamberlain v. Fern, et. al</u>, Case No. 30-2015-00826601-CU-BC-CJC, as

14   discussed in Section II.E.3. of the Disclosure Statement.

15    **"Fern Non-Dischargeablility Action"** means that Complaint to Determine

16   Nondischargeability of Debts Pursuant to 11 U.S.C. §§ 523(a) and 524(a)(3), filed by Fern

17   on June 9, 2017, with respect to Fern's claims against the Debtor, as discussed in Section

18   II.E.3. of the Disclosure Statement.

19   **"Fern Litigation"** means, collectively, the Fern State Court Action, the Fern Non-

20   Dischargeablility Action and any claims against the Debtor asserted by Fern by way of a

21   Proof of Claim in the Debtor's Case [Claim No. 12], or otherwise, as discussed in Section

22   II.E.3. of the Disclosure Statement.

23   **"File," "Filed," or "Filing"** means duly and properly filed with the Court and

24   reflected on the Court's official docket.

25   **"Final Order"** means an order or judgment of the Court or the Appellate Court

26   entered on the Court's or the Appellate Court's docket.

27   a.    That has not been reversed, rescinded, stayed, modified, or amended;

28   b.    That is in full force and effect; and

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    c.    With respect to which (i) the time for appeal or to seek review, remand,

2          rehearing, or a writ of certiorari has expired and as to which no timely Filed

3          appeal or petition for review, rehearing, remand, or writ of certiorari is

4          pending, or (ii) any such appeal or petition has been dismissed or resolved

5          by the highest court to which the order or judgment was appealed or from

6          which review, rehearing, remand, or a writ of certiorari was sought.

7    **"First Realm"** means First Realm, LLC.

8    **"Force 10"** means Force 10 Partners LLC.

9    **"General Unsecured Claim"** means an unsecured Claim against the Debtor,

10   however arising, not entitled to priority under Section 507 of the Bankruptcy Code.

11   **"Holder"** means an entity holding a Claim.

12   **"Interpled DV Sale Proceeds"** means the DV Sale Proceeds that were interpled

13   in the State Court Action which are held in an interest-bearing account and total

14   approximately $1.82 million, as discussed in Section II.E.2. of the Disclosure Statement.

15   **"IRS"** means the Internal Revenue Service.

16   **"LaSalle Street Property"** means the real property located at 8832-8846 LaSalle

17   Street, Cypress, California 90630, as more fully described in Section II.A.2 of the

18   Disclosure Statement.

19   **"Liquidating Agent"** means the person that may be, under the circumstances set

20   forth in Section II.D.1.b of the Plan, appointed to conduct the Sale and/or Refinancing of

21   the Real Property in place of the Debtor.  Prior to the Confirmation Hearing, the Debtor

22   shall submit to the Court the identity of the Liquidating Agent and an agreement with the

23   Liquidating Agent setting forth the terms of such appointment.

24   **"LWGF"** means Lobel Weiland Golden Friedman LLP.

25   **"N. Olive Street Property"** means the real property located at 728 N. Olive Street,

26   Anaheim, California 92805, as more fully described in Section II.A.7 of the Disclosure

27   Statement.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

48

1       **"Nevada Property"** means the real property located at 321-325 Cincinnati Avenue,

2 Las Vegas, Nevada, as more fully described in Section II.A.5 of the Disclosure Statement.

3       **"New Hampshire Property"** means the real property located at 281-289

4 Merrimack & 274 Amory, Manchester, New Hampshire, as more fully described in Section

5 II.A.4 of the Disclosure Statement.

6       **"Newman Street Property"** means the real property located at 5623 Newman

7 Street, Cypress, California 90630, as more fully described in Section II.A.8 of the

8 Disclosure Statement.

9       **"OCTSC Income"** means the Debtor's monthly income from OCTSC Partners I,

10 LLC as discussed in Section II.C. of the Disclosure Statement and as reflected on Exhibit

11 "1" to the Disclosure Statement.

12       **"ORAP Lien"** means that the lien allegedly created on certain of the Debtor's pre-

13 petition non-exempt personal property by the service of an order to appear for a judgment

14 debtor exam by Tarnutzer related to the Tarnutzer Judgment.

15       **"Net Real Property Income"** means the Debtor's monthly net income from the

16 Real Property as discussed in Section II.C. of the Disclosure Statement and as reflected

17 on Exhibit "1" to the Disclosure Statement.

18       **"Non-Ordinary Course Administrative Claims"** means Administrative Claims

19 that are not Ordinary Course Administrative Claims, Administrative Tax Claims, or

20 Professional Fee Claims, including Claims that may arise from agreements entered into

21 with the Estate after the Petition Date other than trade agreements.

22       **"Ordinary Course Administrative Claims"** means Administrative Claims other

23 than Administrative Tax Claims, Professional Fee Claims, and Non-Ordinary Course

24 Administrative Claims, based upon liabilities that the Debtor incurs in the ordinary course.

25       **"OUST"** means the Office of the United States Trustee, Santa Ana Division.

26       **"Pacific Time"** means the time in Orange County, California.

27       **"Page Firm"** means The Law Office of Gregory S. Page.

28

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

1        **"Person"** means any individual, corporation, general partnership, limited

2 partnership, limited liability company, association, joint-stock company, joint venture,

3 estate, trust, government, political subdivision, governmental unit (as defined in the

4 Bankruptcy Code), official committee appointed by the OUST, unofficial committee of

5 creditors, or entity.

6        **"Petition Date"** refers to the petition date of the Debtor, April 9, 2017.

7        **"Plan"** means the Debtor's Second Amended Chapter 11 Plan of Reorganization,

8 including any modifications or amendments to the Plan.

9        **"PPB Cash Collateral Stipulation"** has the meaning ascribed to such term in

10 Section II.E.1.b. of the Disclosure Statement.

11        **"PPB Cross-Collateralized Secured Claim"** means the secured claim asserted

12 by Pacific Premier Bank against the Newman Street Property, the Bishop Street Property,

13 the Del Amo Blvd. Property and the Denni Street Property, as discussed in Sections

14 II.A.8.-11. of the Disclosure Statement.

15        **"PPB UCC-1"** means the UCC-1 filed by Pacific Premier Bank with the California

16 Secretary of State on December 4, 2014, as Instrument No. 13-7389473570, against

17 personal property related to the Newman Street Property, the Bishop Street Property, the

18 Del Amo Blvd. Property and the Denni Street Property, as discussed in Sections II.A.8.-

19 11. of the Disclosure Statement.

20        **"Priority Claim"** means an Allowed Claim entitled to priority against the Estate

21 under Bankruptcy Code §§ 507(a)(3)-(7).

22        **"Priority Tax Claim"** means an Allowed Claim entitled to priority against the Estate

23 under Bankruptcy Code § 507(a)(8).

24        **"Professionals"** collectively means the persons and entities employed by the

25 Debtor pursuant to order of the Court in accordance with Bankruptcy Code §§ 327 or

26 1103.

27        **"Professional-Fee Claim"** means:

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    a.    A Claim under Bankruptcy Code §§ 327, 328, 330, 331, 503, or 1103 for

2          compensation for professional services rendered or expenses incurred on

3          the Estate's behalf, or

4    b.    A Claim either under Bankruptcy Code § 503(b)(4) for compensation for

5          professional services rendered or under Bankruptcy Code § 503(b)(3)(D) for

6          expenses incurred in making a substantial contribution to the Estate.

7          **"Proof of Claim"** means a written statement filed in a Case by a creditor in which

8    the creditor sets forth the amount of its Claim, in accordance with Rule 3001 of the

9    Bankruptcy Rules.

10          **"Real Property"** means, collectively, the Surfside Property, the LaSalle Street

11    Property, the Comstock Avenue Property, the New Hampshire Property, the Nevada

12    Property, the Vonnie Lane Property, the N. Olive Street Property, the Newman Street

13    Property, the Del Amo Blvd. Property, the Denni Street Property, the Bishop Street

14    Property, the San Alto Way Property, the Stratton Court Property, the 8479 Cedarview

15    Court Property and the 8475 Cedarview Court Property, each as more particularly

16    described in Section II.A. of the Disclosure Statement.

17          **"Real Property Income"** means the monthly gross income from the Real Property

18    as discussed in Section II.C. of the Disclosure Statement and as reflected on Exhibit "1" to

19    the Disclosure Statement.

20          **"Real Property Lenders"** means, collectively, the lenders with respect to each of

21    the Real Property.

22          **"Refinance"** means the refinancing of some or all of the Real Property to pay the

23    Allowed Claims of Tarnutzer, Fern and/or Effective Date payments, in full, as provided by

24    the Plan.

25          **"Reorganized Debtor"** means the Debtor post-confirmation.

26          **"Request for Payment"** means a request for the payment of an Ordinary Course

27    Administrative Claim or a Non-Ordinary Course Administrative Claim as described in

28    Section II.B.1 of the Plan.

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

1      **"Sale"** means the sale of some or all of the Real Property to pay the Allowed

2  Claims of Tarnutzer, Fern and/or Effective Date payments, in full, as provided by the Plan.

3      **"San Alto Way Property"** means the real property located at 6844 San Alto Way,

4  Buena Park, California 90620, as more fully described in Section II.A.12 of the Disclosure

5  Statement.

6      **"Schedules"** means the Schedules of Assets and Liabilities filed by the Debtor in

7  the Case, as required by § 521(1) of the Code, Bankruptcy Rules 1007(a)(3) and (b)(l),

8  and Official Bankruptcy Form No. 106, as the Schedules may be amended from time to

9  time.

10      **"Secured Claim"** means a Claim that is secured by a valid and unavoidable lien

11  against property in which the Estate has an interest or that is subject to setoff under

12  Bankruptcy Code § 553.  A Claim is a Secured Claim only to the extent of the value of the

13  Claim Holder's interest in that property or to the extent of the amount subject to setoff, as

14  applicable, as determined under Bankruptcy Code § 506(a).

15      **"SOFA"** means the Debtor's statements of financial affairs.

16      **"Stratton Court Property"** means the real property located at 10418 Stratton

17  Court, Cypress, California 90630, as more fully described in Section II.A.13 of the

18  Disclosure Statement.

19      **"Surfside Property"** means the real property located at 103 Surfside Avenue A,

20  Surfside, California 90743, as more fully described in Section II.A.1 of the Disclosure

21  Statement.

22      **"Tarnutzer"** means Rick Tarnutzer, as trustee of the 1997 Troy Trust.

23      **"Tarnutzer Judgment"** means the judgment against the Debtor in favor of

24  Tarnutzer in the Tarnutzer Litigation, entered in the State Court Action on October 16,

25  2016, as thereafter amended by order entered April 10, 2017, as discussed in Section

26  II.E.2. of the Disclosure Statement.

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

      SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

**"Tarnutzer Lien"** means that the lien allegedly created by the recording of the abstract of judgment by Tarnutzer related to the Tarnutzer Judgment in Orange, Los Angeles, Riverside and San Bernardino counties.

**"Tarnutzer Litigation"** or **"State Court Action"** means that action commenced by Domingo Villas on June 15, 2011, in the Orange County Superior Court, Central Justice Center, entitled <u>Domingo Villas, Inc. v. Rick Tarnutzer, et. al</u>, Case No. 30-2011-00484245, as discussed in Section II.E.2. of the Disclosure Statement.

**"Tarnutzer Loan"** means that $2.6 million loan to Domingo Villas by Tarnutzer, secured by the DV Property and personally guaranteed by the Debtor, as discussed in Section II.E.2. of the Disclosure Statement.

**"Tax Code"** means the Internal Revenue Code.

**"Undeliverable Distribution"** means a Distribution to any Holder of an Allowed Claim that is returned to the Reorganized Debtor as undeliverable or otherwise unclaimed.

**"Vogele Firm"** means Thomas Vogele & Associates, APC.

**"Vonnie Lane Property"** means the real property located at 5641-5643 Vonnie Lane, Cypress, California 90630, as more fully described in Section II.A.6 of the Disclosure Statement.

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

SECOND AMENDED CHAPTER 11
PLAN OF REORGANIZATION

# EXHIBIT "1"

[TO BE PROVIDED]

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled: **SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **September 8, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠     Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **September 8, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⊠     Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 8, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

SERVED VIA PERSONAL DELIVERY/ATTORNEY SERVICE
The Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165/Courtesy Bin
Santa Ana, CA 92701-4593

☐     Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/8/2017 | Nancy Lockwood | /s/ Nancy Lockwood |
|----------|----------------|--------------------|
| Date | Printed Name | Signature |

#1120447

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Julian K Bach**    Julian@Jbachlaw.com, julianbach@sbcglobal.net
- **Frank Cadigan**    frank.cadigan@usdoj.gov
- **Matthew R. Clark**    bkyecf@rasflaw.com, mclark@ecf.courtdrive.com;mclark@rasflaw.com
- **Sean C Ferry**    sferry@ecf.courtdrive.com, bkyecf@rasflaw.com
- **Alan J Friedman**    afriedman@lwgfllp.com,
  nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@lwgfllp.com;lgauthier@lwgfllp.com
- **Joseph Garibyan**    joegaribyan@gmail.com, joe.garibyan@swmllp.com
- **Beth Gaschen**    bgaschen@wgllp.com,
  kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
- **David Gill**    dag@dgdk.com, DanningGill@gmail.com;dgill@ecf.inforuptcy.com
- **Jeffrey I Golden**    jgolden@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com
- **Eric P Israel**    eisrael@dgdk.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Byron B Mauss**    efilings@amlegalgroup.com
- **Thomas J Polis**    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **Sonia Singh**    ss@dgdk.com, DanningGill@gmail.com,SSingh@ECF.Inforuptcy.com
- **Douglas G Tennant**    dtennant@frankel-tennant.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

## SERVED VIA FIRST-CLASS MAIL

David Tudor Chamberlain
103 Surfside Avenue A
Surfside, CA 90743

Office of the United States Trustee
411 W. Fourth Street
Suite 7160
Santa Ana, CA 927601-4593

U.S. Securities & Exchange Commission
Attn: BK Counsel
444 South Flower St., Ste. 900
Los Angeles, CA 90071-9591